**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE ASSOCIATION OF NEW JERSEY CHIROPRACTORS, INC., PETER SCORDILIS, DC, & ERIC LOEWRIGKEIT, DC, <br><br> Plaintiffs, <br><br> v. <br><br> DATA ISIGHT, INC.; MULTIPLAN, INC.; CONNECTICUT GENERAL LIFE INSURANCE CO.; CIGNA INSURANCE CO.; AETNA HEALTH INC.; AETNA HEALTH INSURANCE CO., <br><br> Defendants, | Civil Action No. _____ <br><br><br><br><br><br> **COMPLAINT & JURY DEMAND** |

Plaintiffs, the Association of New Jersey Chiropractors, Inc. ("ANJC"), with its principal place of business located at 77 Brant Avenue, Clark, New Jersey, Peter Scordilis, DC, ("Dr. Scordilis") with a principal place of business of 925 Allwood Road, Clifton, New Jersey, and Eric Loewrigkeit, DC, ("Dr. Loewrigkeit") with a principal place of business of 17 Woodport Road, Sparta, New Jersey (collectively, "Plaintiffs"), on behalf of themselves, and ANJC members similarly situated, by way of a Verified Complaint against Defendants, hereby allege upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, based upon, inter alia, the investigation made by and through their attorneys, as follows:

1

## SUMMARY OF PLAINTIFFS' ALLEGATIONS

1. Plaintiff, the Association of New Jersey Chiropractors, Inc., is a New Jersey Not-for-Profit 501(c.)(6) Corporation which consists of over 1,900 chiropractors licensed to practice chiropractic in the State of New Jersey.  Its purpose is to promote the chiropractic profession and the interests of chiropractors in the State of New Jersey. It has a primary office location at 77 Brant Avenue, Clark, New Jersey.

2. Plaintiff, Dr. Peter Scordilis, DC, is a chiropractic physician licensed to practice in the State of New Jersey who does not participate with any of the Defendants as a participating chiropractor and has a primary office located at 925 Allwood Road, Clifton, New Jersey.

3. Plaintiff, Dr. Eric Lowerigkeit, DC, is a chiropractic physician licensed to practice in the State of New Jersey who does participate with Aetna as a participating chiropractor and has a primary office located at 17 Woodport Road, Sparta, New Jersey.

4. Defendant Data ISight, Inc., is a is a foreign corporation authorized to perform the business of insurance and/or third-party administration of insurance in New Jersey and is performing the business of insurance and/or third-party administration of insurance in New Jersey with a registered address of 222 West Las Colinas Boulevard, Suite 1500, Irving, Texas 75039.

5. Defendant Multiplan, Inc., is a is a foreign corporation authorized to perform the business of insurance and/or third party administration of insurance in New

Jersey and is performing the business of insurance and/or third-party administration of insurance in New Jersey and is a parent, sister or related entity with Defendant Data ISight, with a registered address of 115 5th Avenue, New York, NY 10003. Multiplan is a licensed / certified organized delivery system with the New Jersey Department of Banking and Insurance.

6. Defendant Connecticut General Life Insurance Company, is a foreign corporation authorized to perform the business of insurance in New Jersey and is performing the business of insurance in New Jersey with a registered address of 908 Cottage Grove Road, Hartford, CT 06152.

7. Defendant CIGNA Insurance Co., is a foreign corporation authorized to perform the business of insurance in New Jersey and is performing the business of insurance in New Jersey with a registered address of 908 Cottage Grove Road, Hartford, CT 06152.

8. Defendant Aetna Health, Inc., is a New Jersey Corporation authorized to perform the business of insurance in New Jersey and is performing the business of insurance in New Jersey with a registered address of 980 Jolly Road, U11S, Blue Bell, Pennsylvania.

9. Defendant Aetna Health Insurance Company, is a foreign corporation authorized to perform the business of insurance in New Jersey and is performing the business of insurance in New Jersey with a registered address of 980 Jolly Road, U11S, Blue Bell, Pennsylvania.

10. Defendants offer, insure, underwrite and/or administer commercial health benefits, including administration of self-funded health plans governed by the federal ERISA statutes, including those of patients for whom Drs. Scordilis and Lowerigkeit have provided health care services, as detailed herein.

11. Due to the manner in which they function, all of the Defendants are functional ERISA fiduciaries and, as such, they must comply with fiduciary standards.  In the Complaint, "Aetna" and "CIGNA" refers to all named Defendants and all predecessors, successors and subsidiaries to which these allegations pertain.

## JURISDICTION & VENUE

1. Defendants' actions in administering employer-sponsored health care plans, including determining reimbursements for Providers who supply health care services to Aetna and CIGNA insureds pursuant to the terms and conditions of the health care plans, are governed by ERISA, 29 U.S.C. § 1001, 502(a)(2)&(3), *et seq.* Plaintiffs assert subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

2. Venue is appropriate in this District for Plaintiffs' claims under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because Plaintiffs reside and operate here, the services, claims, and policies that are the subject of this lawsuit occurred here, and Defendants are authorized to do business here, either directly or through wholly owned and controlled subsidiaries and are doing business here.

## **OVERVIEW OF PLAINTIFFS' LEGAL CLAIMS**

3.  As the companies that issue, insure, design, and/or administer the employee benefit plans through which a number of Plaintiffs' patients received their insurance, Defendants are subject to ERISA, and its governing regulations.  Further, due to the role Defendants played in administering the health care plans which insured the patients of Plaintiffs that are at issue in this matter, including making coverage and benefit decisions, calculating reimbursement rates, and deciding appeals, Defendants have assumed the role as fiduciaries under ERISA.

4.  Under ERISA, Defendants are required, among other things, to comply with the terms and conditions of their health care plans and the plans they administer and federal laws and to accord their subscribers and their providers an opportunity to obtain a "full and fair review" of any denied or reduced reimbursements.

5.  The federal common law of trusts, applicable to ERISA fiduciaries, further requires that fiduciaries deal honestly with members and their assignees and adhere to certain specific fiduciary standards in their dealings.

6.  In offering and administering their health care plans, Defendants assume the role of "Plan Administrator," as that term is defined under ERISA, in that they interpret and apply the plan terms, makes all coverage decisions, calculate reimbursement rates, issue Explanation of Benefits, process appeals, and provide for payment to subscribers and/or their providers.

7.  As the Plan Administrators, Defendants also assume various obligations specified under ERISA.   These obligations include providing their subscribers with a

Summary Plan Description ("SPD"), a document designed to describe in layperson's language the material terms, conditions and limitations of the health care plan. The full details of the plan, which are summarized in the SPD, are contained in the Evidence of Coverage ("EOC") that governs each member's health care plan.

8.  Defendants are obligated under ERISA to make their coverage determinations in a manner consistent with the disclosures contained in the SPD and federal law. If the employer, rather than Defendants, are deemed to be the Plan Administrator, Defendants remain responsible for ensuring that the SPD complies with the law under their duties as co-fiduciaries as provided in ERISA, 29 U.S.C. § 1105, even if the employer prepares or disseminates the SPD.

9.  Prior to providing chiropractic care to their patients that are subscribers of Defendants' health plans, Drs. Scordillis and Loewrigkreit obtain written assignment of benefits from their patients.

10. These assignment of benefit forms executed by each patient assigns to the plaintiffs the following rights:

> The undersigned also designates the Provider to the fullest extent permissible under the Employee Retirement Income Security Act of 1974 ("ERISA") as provided in 29 CFR 2560-503-1(b)(4) and under any applicable state and federal law as their representative / attorney-in-fact to pursue claims and appeals and/or litigation on my behalf and exercise all rights connected with my health care benefit plan or insurance policy and/or administrators, contractors, vendors or other third parties contracted with my health care benefit plan including but not limited to initial claims determinations, appeals of any benefit determinations, obtaining records and related plan documents, obtaining documents from administrators, contractors, vendors or other third parties contracted with my health care benefit plan, claiming on my behalf medical or other health care benefits, pursuing insurance or plan reimbursement and to pursue any other applicable remedies as may be necessary and with regards to my health benefit plan or insurance policy along with any incidental powers and duties to effectuate same. This is to be construed as the broadest possible designation and assignment of benefits as permitted by law.

11. The patients of plaintiffs further have requested full copies of the SPD of their plans which detail the required reimbursement rates the plan documents provide for. Defendants have responded with the required plan documents and refuse to disclose the plan rates or repricing formulas utilized by Data ISight / Multiplan in their reduction in reimbursement to plaintiffs.

12. Prior to providing services, plaintiffs verified with defendants that the patients had out-of-network benefits and that the services provided were covered services, and then proceeded to provide services in reliance upon such representations.

### The Repricing Issue

1) Data ISight and/or Multiplan is a third-party vendor that is hired by insurance companies, including Aetna and CIGNA, to "reprice" (reduce) insurance reimbursements to various doctors, including Drs. Scordillis and Lowerigkeit, for health care services performed in New Jersey by New Jersey doctors on New Jersey patients.

2) Data ISight has been making unsolicited contact with out-of-network doctors, including plaintiffs, and "repricing" (reducing) what they should legally be paid under the patients' health plan to a lower amount which is in direct contradiction with the health plan SPD and EOC provisions.

3) When the doctor attempts to appeal or otherwise dispute the repricing, it delays claim payments for up to six months or more which is in violation of the New Jersey Prompt Pay Law as well as federal ERISA law.

4) Even worse, an Explanation of Benefits ("EOB") form is issued to the patient showing the repriced amount as the allowed amount which misleadingly informs the patient that that is the maximum the doctor is entitled to and that the doctor cannot attempt to collect from them any amount that exceeds the repriced amount.

5) This violates both state and federal law which imposes a statutory duty upon doctors to collect coinsurance payments from patients, including but not limited to the *Out-of-Network Protection, Transparency, Cost Containment and Accountability Act*, N.J.S.A. 26:2SS-1 *et. seq.*

6) A specific example of the improper actions of Defendants is as follows. Patient "SG" was a subscriber to a self-funded plan of the Massmutual Financial Group that was administered by CIGNA. The Plan SPD requires reimbursement of out-of-network chiropractic claims at 70% of the charge after deductible satisfaction. Dr. Scordillis submitted claims for chiropractic services performed on 5/31/19 to CIGNA in the amount of $230.00 which should have been reimbursed under the plan terms at $161.00 (70%), a $69.00 reduction, as there was no deductible obligation. CIGNA, through its vendor Data iSight, imposed a $87.57 reduction and paid only $99.71 on the claim. The EOB issued by CIGNA indicates the patient saved 81% of the total amount billed due to the repricing by Data iSight. The EOB misleadingly indicates that the doctor can only collect $42.72 in coinsurance from the patient and not the $87.57 Data iSight reduction, preventing the doctor from complying with his statutory mandate to collect full

coinsurance obligations from the patient.  Dr. Scordillis appealed the improper payment on 7/29/19 and all levels of appeal were thereafter denied.  The SPD of this Plan expressly provides the subscriber "the right to bring a civil action under ERISA Section 502(a) if you are not satisfied with the appeal process."

7) Dr. Scordillis, as assignee of the subscriber plan benefits of his patients, requested on multiple occasions copies of the SPDs of the plan which were not provided within the statutorily mandated 30 days.

8) Specifically, on 7/29/19, Dr. Scordillis requested SPD for patient FV under the Harris Corporation Plan administered by CIGNA.  The request included the subscriber's written assignment of benefits which expressly authorized the doctor to request plan documentation under ERISA.  To date, CIGNA has not provided the requested SPD in violation of the 30 day mandate of ERISA and is liable for a $100 statutory penalty per day for not providing the requested plan documents.

9) Similarly, on 7/29/19, Dr. Scordillis requested SPD for patient ET under the CBRE Services Plan administered by CIGNA.  The request included the subscriber's written assignment of benefits which expressly authorized the doctor to request plan documentation under ERISA.  To date, CIGNA has not provided the requested SPD in violation of the 30 day mandate of ERISA and is liable for a $100 statutory penalty per day for not providing the requested plan documents.

10) These examples are non-exhaustive representative examples to put defendant on notice of the improper actions complained of by plaintiffs.

11) The blanket policy and practice implemented by Defendants which globally reduces all claim reimbursements to out-of-network providers, including plaintiffs, to reimbursement rates below what is required to be paid by the Plan EOC/SPD provisions violates: i) ERISA's mandate of providing a full and fair review of adverse determinations of claim submissions; and ii)the ERISA fiduciary duty required by Defendants towards plaintiffs pursuant to 29 U.S.C. §502(a)(2)&(3), 29 U.S.C. §1104(a)(1)(B)&(D); and iii) 29 U.S.C. §1024(b)(4) which mandates Plan Administrators provide Plan documents within thirty days of written request for same.

12) The Plaintiffs seek a declaratory judgment from the Court in this action on the issue as to whether defendant's repricing and reduction of out-of-network reimbursement to plaintiffs and similarly situated doctors as stated above violates ERISA standards discussed above under federal question jurisdiction.

13) The Plaintiffs also submit that the blanket repricing of all out-of-network claims in this manner constitutes arbitrary and capricious claim practices warranting a declaration that such actions must cease.

14) The Plaintiffs also submit that they are entitled to statutory penalties for not being provided plan documentation within thirty days of written request in violation of ERISA.

## COUNT ONE – ERISA VIOLATIONS

1. Plaintiffs repeat and re-allege the allegations previously set forth in this Verified Complaint as though the same were set forth at length herein.

2. Defendants have made adverse benefit determinations with regard to the policies by repricing the reimbursement of plaintiffs and similarly situated providers below the rates required by the SPD / EOC plan documents.

3. By implementing this improper repricing policy in violation of the plan SPD provisions, there is *no* review being performed by Defendants, let alone a full and fair review, when they globally reprice the claims of plaintiffs in violation of federal ERISA law.

4. With regard to these adverse benefit determinations, Defendants have violated their legal obligations under ERISA and federal common law due to their failure to comply ERISA regulations and requirements in providing a full and fair review of all claims submitted under health insurance plans of Defendants.

5. ERISA authorizes plan participants or beneficiaries to sue for benefits due and equitable relief pursuant to 29 U.S.C. § 1132(a)(1)(B), (a)(3).

6. During the relevant time period, Drs. Scordillis and Loewrigkreit, as assignees of the ERISA benefits payable to their patients, were entitled to receive a "full and fair review" of all claims and are entitled to assert a claim under  29 U.S.C. § 1132(a)(3) for failure to comply with these requirements as valid assignees of the plan benefits.

7. Although Defendants were obligated to do so, they failed to provide a "full and fair review" of denied claims pursuant to 29 U.S.C. § 1133 (and the regulations

promulgated thereunder) for the Individual Plaintiffs, by making claim payments that are inconsistent with or unauthorized by the terms of Members' EOCs and SPDs as well as in violation of the federal ERISA laws.

8. During the relevant time period, Drs. Scordillis and Loewrigkreit and their patients exhausted all appeals and/or appeals have been deemed futile and have been harmed by Defendants' failure to provide a "full and fair review" of appeals under 29 U.S.C. § 1133.  The ANJC and the individual plaintiffs are also entitled to injunctive and declaratory relief to remedy Defendants' continuing violation of these provisions.

## COUNT TWO: VIOLATION OF FIDUCIARY DUTIES OF LOYALTY AND DUE CARE

9. The allegations contained in this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

10. During the relevant time period, Defendants acted as a "fiduciary" to the members of its plans and to their providers, as such term is understood under 29 U.S.C. § 1002(21)(A).

11. As an ERISA fiduciary, Defendants owed, and owes, their members in ERISA plans, and their providers a duty of care, defined as an obligation to act prudently, with the care, skill, prudence and diligence that a prudent administrator would use in the conduct of a like enterprise.  Further, ERISA fiduciaries must act in accordance with the documents and instruments governing the group plan.  29 U.S.C. §502(A)(2)&(3);

29 U.S.C. §1104(a)(1)(B)&(D).  In failing to act prudently, and in failing to act in accordance with federal ERISA laws and instruments governing the plan, Defendants violated their fiduciary duty of care by engaging in arbitrary and capricious adverse claim determinations by improperly repricing out of network plan benefits in contradiction to the plan documents.

12. As an ERISA fiduciary, Defendants owed and owes their members and their providers a duty of loyalty, defined as an obligation to make decisions in the interest of its members, and to avoid self-dealing or financial arrangements that benefit it at the expense of its members under 29 U.S.C. §1106.  Defendants cannot make benefit determinations for the purpose of saving money at the expense of its members.

13. Defendants violated their fiduciary duties of loyalty and due care by, *inter alia*, repricing claims below the rates required by the plans as detailed herein that were unauthorized by federal ERISA laws and/or the EOCs and SPDs and which benefited Defendants at the expense of their subscribers.

14. The Individual Plaintiffs are entitled to assert a claim for relief for Defendants' violation of their fiduciary duties under 29 U.S.C. § 1132(a)(3), including injunctive and declaratory relief.  Plaintiff ANJC seeks similar relief, in a representational capacity on behalf of its members.

## COUNT THREE: STATUTORY PENALTIES

15. The allegations contained in this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

16. ERISA defines a plan "beneficiary" as "a person designated by a participant … who is or may become entitled to a benefit [under an employee benefit plan]." 29 U.S.C. § 1002(8). An assignee designated to receive benefits is considered a beneficiary and can sue for unpaid benefits under section 1132(a)(1)(B). See Kennedy v. Conn. Gen. Life Ins. Co., 924 F.2d 698, 700 (7th Cir. 1991).

17. Plaintiffs and their patients have requested SPD plan documents from the defendants to determine what out-of-network payment fee schedules and/or rates are required by the Plans.

18. Specifically, Plaintiffs' requested from Defendants, in writing, the following information concerning the Plan provisions:

> Finally, we hereby request on behalf of our patients a copy of the Summary Plan Description ("SPD") required to be maintained by the Plan and provided upon request to the Plan Beneficiary under ERISA as well as any and all information and documentation utilized by any third party entities or repricers, including but not limited to Data iSight, concerning the methodology used to reprice, process, reduce or otherwise alter the allowed amounts to the provider or offers made to the provider.  Please note, an enrollee/beneficiary may file suit against a Plan Administrator who fails to comply with the enrollee's/beneficiary's request for a copy of the latest SPD.   Indeed, Section 502(a)(1)(A) of ERISA indicates the Plan Administrator has thirty (30) days to provide the SPD to the enrollee/beneficiary.  The Plan Administrator may be held liable for up to $110.00 per day for each day it fails to provide the SPD to the enrollee/beneficiary.

19. Defendants have not provided any of the requested information within thirty days of request and are, therefore, liable to plaintiffs for up to $110 per day for not furnishing plan documents or "instruments under which the plan is established or operated" within 30 days of his or her request. 29 U.S.C. §§ 1024(b)(4).

**WHEREFORE**, Plaintiffs demand judgment in their favor against Defendants as follows:

a. Declaring that Defendants have violated the terms of the federal ERISA laws and Plan EOCs and SPDs based upon their unilateral repricing of claim reimbursements below what is required by the plan documents which constitutes failure to provide a full and fair review of claims under 29 U.S.C. § 1133 and 29 U.S.C. § 1132(a)(1)(B), (a)(3) as well as awarding injunctive and declaratory relief to prevent Defendants' continuing actions detailed herein;

b. Declaring that Defendants have violated their fiduciary duties including the duties of loyalty and care to Plaintiffs, and awarding appropriate relief, including declaratory and injunctive relief to Plaintiffs;

c. For statutory penalties of $110 per day for each day beyond thirty days that defendants have not produced requested plan documents in violation of 29 U.S.C. §§ 1024(b)(4);

d. Awarding the plaintiffs disbursements and expenses of this action, including reasonable counsel fees, in amounts to be determined by the Court and other appropriate relief; and

e. Granting such other and further relief as is just and proper.

## <u>JURY DEMAND</u>

Plaintiffs demand trial by jury on all issues so triable.


          Respectfully submitted,


        LAW OFFICE OF JEFFREY RANDOLPH, L.L.C.
        Attorney for Plaintiffs


          /s/ *Jeffrey Randolph*
By: _____
        Jeffrey B. Randolph, Esq. (JBR 5453)

Dated: December 27, 2019