# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ASSOCIATION OF NEW JERSEY CHIROPRACTORS, INC., *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>DATA ISIGHT, INC., *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 19-cv-21973 (JMV) (JBC) |

# CIGNA'S REPLY MEMORANDUM
# IN SUPPORT OF ITS MOTION TO DISMISS

ME1 32820721v.1

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 2

    I.    PLAINTIFFS' ERISA §§ 502(A)(1)(B), 502(A)(3), 503(C), AND 502(C) CLAIMS SHOULD BE DISMISSED. ........................... 2

        A.    Plaintiffs' Request for Declaratory Relief Does Not Obviate the Need for Them to Plausibly Allege an ERISA Violation. ....................................................................... 2

        B.    Count III Should Be Dismissed. ................................................. 8

    II.    PLAINTIFFS HAVE NO RIGHT TO BRING THEIR CLAIMS. ..................................................................................................... 9

        A.    The Provider-Plaintiffs Have Not Pled Valid Assignments, and They Cannot Assert ERISA Claims Directly. ........................................................................................ 9

        B.    The ANJC Lacks Associational Standing. ............................... 12

CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Aetna UCR Litig.*,
  2015 WL 3970168 (D.N.J. June 30, 2015)..........................................8, 10, 13, 14

*Chiropractic All. of N.J. v. Parisi*,
  854 F. Supp. 299 (D.N.J. 1994)..................................................................12

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr.
  for S. Cal.*,
  463 U.S. 1 (1983)........................................................................................9

*Franco v. Conn. Gen. Life Ins. Co.*,
  299 F.R.D. 417 (D.N.J. 2014), *aff'd*, 647 F. App'x 76 (3d Cir.
  2016) .........................................................................................................5

*Franco v. Conn. Gen. Life Ins. Co.*,
  647 F. App'x 76 (3d Cir. 2016) ...........................................................12, 13

*Franco v. Conn. Gen. Life Ins. Co.*,
  818 F. Supp. 2d 792 (D.N.J. 2011), *aff'd in relevant part*, 647 F.
  App'x 83 (3d Cir. 2016) ...........................................................................14

*K.S. v. Thales USA, Inc.*,
  2019 WL 1895064 (D.N.J. Apr. 29, 2019).................................................5

*Laufenberg v. Ne. Carpenters Pension Fund*,
  2019 WL 6975090 (D.N.J. Dec. 19, 2019).................................................7

*Malishka v. MetLife*,
  639 F. App'x 788 (3d Cir. 2015) ................................................................8

*Mertens v. Hewitt Assocs.*,
  508 U.S. 248 (1993)................................................................................6, 14

*N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*,
  563 F. Supp. 2d 474 (D.N.J. 2008)...........................................................12

ME1 32820721v.1

*Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*,
   388 F.3d 393 (3d Cir. 2004) ...................................................................................9

*Pilot Life Ins. Co. v. Dedeaux*,
   481 U.S. 41 (1987)..............................................................................................4, 7

*Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*,
   2018 WL 2441768 (D.N.J. May 31, 2018).............................................................7

*Prof'l Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield*,
   2015 WL 4387981 (D.N.J. July 15, 2015) ...........................................................10

*Rallis v. Trans World Music Corp.*,
   1994 WL 96264 (E.D. Pa. Mar. 25, 1994) .............................................................7

*Steinagel v. Valley Oral Surgery*,
   2013 WL 5429269 (E.D. Pa. Sept. 30, 2013) .......................................................11

*Syed v. Hercules Inc.*,
   214 F.3d 155 (3d Cir. 2000) ...................................................................................8

**Statutes**

29 U.S.C. § 1024(b)(4)....................................................................................................8

29 U.S.C. § 1132(a) ........................................................................................................9

29 U.S.C. § 1132(a)(1)(B) ..............................................................................................4

ERISA § 502 ...................................................................................................................9

ERISA § 502(a)...............................................................................................................4

ERISA § 502(a)(1) ..........................................................................................................9

ERISA § 502(a)(1)(B)..............................................................................................2, 3, 7

ERISA § 502(a)(3) ................................................................................................*passim*

ERISA § 502(c)...............................................................................................................8

ERISA § 503 ..........................................................................................................2, 3, 7

ERISA § 503(a)........................................................................................................2, 7, 8

# INTRODUCTION[1]

Cigna's motion to dismiss demonstrated that all of Plaintiffs' ERISA claims should be dismissed for multiple reasons—including because Plaintiffs have not shown that they even have the right to assert any of these claims to begin with, and because they also have not identified a single ERISA plan term that Cigna breached or a single ERISA statutory provision that Cigna violated.  As many cases in this District have made clear, a complaint that lacks such basic and fundamental allegations cannot possibly state ERISA claims.

Plaintiffs do not engage with Cigna's arguments, and they have no answer to these authorities.  Plaintiffs instead try to hand-wave this caselaw away by arguing that this action is supposedly "unique," because it does not seek money damages and only seeks declaratory relief.  (Opp. at 13.)  But Plaintiffs offer no authority to support their novel theory that a plaintiff can seek declaratory relief under ERISA without first showing that an ERISA violation actually occurred—nor could they, as this theory is contrary to bedrock ERISA principles.  Having failed to identify even one instance where plan terms required Cigna to pay more than what it has

---

[1] "Br." refers to the Memorandum of Law in Support of Cigna's Motion to Dismiss, "Opp." refers to Plaintiffs' Brief in Opposition, "Provider-Plaintiffs" refers to Plaintiffs Drs. Scordilis and Loewrigkeit, and "ANJC" refers to the Association of New Jersey Chiropractors, Inc.  Unless otherwise noted, all emphasis is added, and all internal citations and quotations are omitted.

already paid, Plaintiffs have not shown that they are entitled to *any* relief under ERISA—whether monetary or declaratory.

Plaintiffs' remaining responses fare no better.  In fact, Plaintiffs have entirely failed to respond to many arguments that Cigna raised—including that Cigna's plan terms do not require Cigna to pay their benefit claims based on a percentage of the Provider-Plaintiffs' billed charges (which is the entire mistaken premise of Plaintiffs' case); that their ERISA § 502(a)(3) claim should be dismissed as duplicative; and that their ERISA § 503 claim should be dismissed because ERISA § 503 does not provide a private cause of action.  And while Plaintiffs do attempt to address their failure to plead that they have a right to bring ERISA claims, their rebuttal arguments ignore the wealth of ERISA caselaw establishing that the Provider-Plaintiffs do not have valid assignments to bring their patients' ERISA claims, and that the ANJC lacks associational standing to bring those same claims on behalf of the Provider-Plaintiffs and the ANJC's other members.

## ARGUMENT

I. **PLAINTIFFS' ERISA §§ 502(A)(1)(B), 502(A)(3), 503(C), AND 502(C) CLAIMS SHOULD BE DISMISSED.**

　　A.　**Plaintiffs' Request for Declaratory Relief Does Not Obviate the Need for Them to Plausibly Allege an ERISA Violation.**

Plaintiffs' Counts I and II are based on alleged violations of ERISA §§ 502(a)(1)(B), 502(a)(3), and 503(a).  Cigna's motion sets out three separate

2

reasons why both these Counts should be dismissed:

- Plaintiffs have not stated ERISA §§ 502(a)(1)(B) or 502(a)(3) claims, because they have not identified any benefit claims that Cigna did not pay in accordance with plan terms; in fact, the relevant plan is clear that Cigna is not required to pay out-of-network benefit claims at a percentage of the provider's billed charges, contrary to Plaintiffs' theory (Br. at 13-14);

- Plaintiffs' ERISA § 502(a)(3) claim should be dismissed because the relief they seek under that claim is duplicative of the relief they seek under their ERISA § 502(a)(1)(B) benefits claim (Br. at 16); and

- Plaintiffs' ERISA § 503 claim should be dismissed because ERISA § 503 does not provide a private cause of action (Br. at 17-18).

Cigna supported each of these reasons with caselaw showing that courts in this District routinely dismiss such deficient claims on these grounds. (Br. at 13-19.)

Plaintiffs offer no real response to any of this. Instead, the *only* way that Plaintiffs try to distinguish all of Cigna's arguments and caselaw is by contending that "this is not a civil complaint for monetary damages seeking payment of plan benefits," and instead, "the only relief sought in the complaint is for a declaration that the Defendants have violated specific statutes and regulations" (presumably, ERISA and its regulations). (Opp. at 2 (emphasis in original).)

Plaintiffs' attempted distinction between monetary relief and declaratory relief makes no sense in this ERISA case. The fundamental premise of every single one of Plaintiffs' claims in Counts I and II is that the terms of Cigna's plans require their out-of-network chiropractic claims to be reimbursed at certain rates, and that Cigna is violating ERISA by allegedly not reimbursing those claims at

3

those plan-specified rates.  Specifically, Plaintiffs allege that:

- Cigna committed "ERISA violations" by "repricing the reimbursement of plaintiffs and similarly situated providers below the rates *required by the SPD / EOC plan documents*" (Compl. at 11, ¶ 2);

- Cigna committed "ERISA violations" by "making claim payments that are inconsistent with or unauthorized by *the terms of Members' EOCs and SPDs*" (Compl. at 11-12, ¶ 7); and

- Cigna violated its "fiduciary duties of loyalty and due care" by "improperly repricing out of network plan benefits in contradiction to the *plan documents*." (Compl. at 12-13, ¶ 11).

But whether Plaintiffs seek to recover money for benefit claims they contend Cigna had improperly reimbursed in the past (money damages), or whether they seek to clarify how Cigna must reimburse their claims going forward (declaratory relief), Plaintiffs must still *allege a violation of specific ERISA plan terms* as a prerequisite to recovery either way.

"The civil enforcement provisions of ERISA § 502(a)," which are "the exclusive vehicle" for enforcing ERISA plan terms, make this quite clear.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987).  Those enforcement provisions allow a participant or beneficiary to bring "a civil action" to "recover benefits due to him under the terms of his plan" (*i.e.*, money damages), or "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" (*i.e.*, a declaration of how claims must be paid going forward, which is what Plaintiffs seem to be seeking here).  29 U.S.C. § 1132(a)(1)(B).

Whatever the theory, though, the ERISA plaintiff must show that he is actually entitled to those rights "***under the terms of his plan***."  *See id.*; *e.g.*, *Franco v. Conn. Gen. Life Ins. Co.*, 299 F.R.D. 417, 422 (D.N.J. 2014) ("the Supreme Court has repeatedly held that adherence to the written terms of the plan in enforcing ERISA rights and obligations is of paramount importance"), *aff'd*, 647 F. App'x 76 (3d Cir. 2016).  And this basic ERISA precept applies with full force to Plaintiffs' theory that Cigna is supposedly underpaying their out-of-network claims, since "federal law is clear that a plan is not required to make payments in excess of specified out-of-network allowances" set forth by the ERISA-governed plan, and nothing "confers a right upon . . . [an out-of-network provider] . . . to demand anything other than the out-of-network allowance which [the plan sponsor] opted to underwrite as a benefit."  *K.S. v. Thales USA, Inc.*, 2019 WL 1895064, at *5 (D.N.J. Apr. 29, 2019).

But Plaintiffs have not shown that Cigna's plans entitle them to anything more beyond what they have already received, as they have not identified ***a single claim*** that Cigna failed to reimburse in accordance with plan terms.  (Br. at 13-14.) In fact, for the only specific claim (for Dr. Scordilis's patient S.G.) that Plaintiffs allege was underpaid, the applicable Cigna plan did not require it to be paid at 70% of the provider's billed charges, contrary to Plaintiffs' allegations.  (Br. at 13-14 (showing that the covered benefit for this claim was not 70% of Dr. Scordilis's full

5

out-of-network billed charge, as alleged, but instead was 70% "subject to the MRC," Maximum Reimbursable Charge, which is not the same as the billed charge).) Tellingly, despite improperly introducing a slew of factual assertions outside the Complaint, Plaintiffs never once argue that Cigna's benefit determinations actually violated the terms of their patients' plans.

Courts in this District do not hesitate to dismiss ERISA claims that fail to identify something as basic as the plan language that was supposedly violated. (Br. at 14-15.) And given how fundamental plan terms are to ***any*** kind of an ERISA claim—whether one to recover for past benefits or one to obtain a declaration regarding future benefits—Plaintiffs' attempted distinction simply does not work.

Plaintiffs' purported money-versus-declaratory-relief distinction does not save their ERISA §§ 502(a)(3) or 503 claims either. While ERISA § 502(a)(3) authorizes a beneficiary, participant, or fiduciary to seek equitable relief, a plaintiff must still plausibly allege a violation of plan terms to state a claim for such relief—since ERISA § 502(a)(3) "does not, after all, authorize 'appropriate equitable relief' *at large*, but only 'appropriate equitable relief' for the purpose of 'redress[ing any] violations or . . . enforc[ing] any provisions' of ERISA or an ERISA plan." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 253 (1993) (emphasis, alterations, and ellipsis in original).[2] Here, Plaintiffs seek equitable relief to

---

2   Plaintiffs' argument that they seek a declaration "that the actions of

require Cigna to pay their claims in accordance with plan terms; but once again, they have not identified any plan terms that Cigna actually violated—which means that Plaintiffs have not shown they are entitled to equitable relief under ERISA § 502(a)(3).

Separately, Plaintiffs offer no response to Cigna's authorities which hold that an ERISA § 502(a)(3) claim should be dismissed when, as here, it seeks the same relief as that under ERISA § 502(a)(1)(B). (Br. at 16 (citing *Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*, 2018 WL 2441768, at *14 (D.N.J. May 31, 2018) (collecting cases dismissing ERISA § 502(a)(3) claims on this basis).) That provides another independent reason to dismiss Plaintiffs' ERISA § 502(a)(3) claim.

Finally, Plaintiffs likewise have no answer to Cigna's authorities which show that their ERISA § 503(a) claim should be dismissed because "Section 503 . . . do[es] not provide for a private cause of action." *Laufenberg v. Ne. Carpenters Pension Fund*, 2019 WL 6975090, at *12 (D.N.J. Dec. 19, 2019); Br.

---

Defendants are causing them to violate state law which could subject them to penalties" (Opp. at 13) makes no sense either, because ERISA does not authorize this Court to issue a declaratory ruling that Cigna's actions are causing the Provider-Plaintiffs to violate state law. And given that the basic question here is whether Cigna is complying with ERISA plan terms and ERISA requirements, Plaintiffs also cannot obtain a declaratory judgment outside of ERISA, since "ERISA's civil enforcement provisions are intended to be the exclusive vehicle for enforcement of ERISA plans." *Rallis v. Trans World Music Corp.*, 1994 WL 96264, at *4 (E.D. Pa. Mar. 25, 1994) (citing *Pilot Life*, 481 U.S. at 54).

7

at 17-18 (citing additional cases for this point). Nor do Plaintiffs have any response to Cigna's argument that even if ERISA § 503(a) did provide for a private cause of action—which it does not—their claim would fail still because it is also based on their allegations that Cigna paid claims "inconsistent with or unauthorized by the terms of Members' EOCs and SPDs" (Compl. at 12 ¶ 7), but once again, Plaintiffs have not identified any provisions of the plans that Cigna violated. All of this provides yet more reasons why the ERISA § 503(a) claim should be dismissed.

### B.  Count III Should Be Dismissed.

Count III is premised on Cigna's alleged violation of ERISA § 502(c), where Plaintiffs allege that Cigna failed to provide them with certain requested information. Here, too, Cigna had set forth three separate reasons why this claim fails:

- "Only the Plan Administrator can be liable for statutory penalties for failing to provide the Plan Documents," *Malishka v. MetLife*, 639 F. App'x 788, 791 (3d Cir. 2015), but Cigna is not the plan administrator under any of the plans referenced in the Complaint (Br. at 20);

- Plaintiffs' allegation that Dr. Scordilis supposedly requested SPDs that Cigna failed to provide (Compl. at 9 ¶ 9) is inconsistent with their admission that "Defendants *have responded* with the required plan documents" (Br. at 21 (citing Compl., "Overview" ¶ 11)); moreover, while Plaintiffs also seek statutory penalties based on Cigna's alleged refusal to disclose plan rates and repricing formulas, statutory penalties are only available if the administrator fails to provide specific plan documents listed in 29 U.S.C. § 1024(b)(4), *Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000) (Br. at 21); and

8

- While Plaintiffs demand that Cigna turn over its out-of-network repricing methodologies, ERISA disclosure obligations do not "include information concerning the methodology for . . . calculating the amount owed to the participant or beneficiary on an [out-of-network] claim," *In re Aetna UCR Litig.*, 2015 WL 3970168, at *13 (D.N.J. June 30, 2015) (Br. at 21-22).

Here again, Plaintiffs offer ***no responses*** to any of these arguments. Any of these three arguments is independently sufficient to dismiss Count III.

## II. PLAINTIFFS HAVE NO RIGHT TO BRING THEIR CLAIMS.

Even separate from the merits, all of the ERISA claims should be dismissed because Plaintiffs do not have the right to assert these claims, for multiple reasons.

### A. The Provider-Plaintiffs Have Not Pled Valid Assignments, and They Cannot Assert ERISA Claims Directly.

In its brief, Cigna demonstrated that neither Dr. Scordilis nor Dr. Loewrigkeit can bring ERISA claims because they have not plausibly alleged that they have assignments to assert such claims on behalf of their patients. (Br. at 7-11.) Nothing in the Opposition refutes this basic fact.

First, Plaintiffs contend that because "[t]he improper actions of defendants directly affect [the Provider-Plaintiffs'] reimbursement as out-of-network providers," that supposedly gives them direct "standing to pursue their claims." (Opp. at 13.) That is not how ERISA works. "ERISA carefully enumerates the parties entitled to seek relief under § 502," *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27 (1983), and it only allows specific persons or entities to bring a civil action: "a participant or beneficiary" for

9

an ERISA § 502(a)(1) claim, or "a participant, beneficiary, or fiduciary" for an ERISA § 502(a)(3) claim. 29 U.S.C. § 1132(a). So unless the Provider-Plaintiffs can show that they meet these statutory definitions—and they have not done so— they cannot assert these ERISA claims directly. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) (a hospital-provider "is neither a participant nor a beneficiary," and it "does not have standing under ERISA to sue in its own right").

Second, with no direct standing, the Provider-Plaintiffs can only bring derivative ERISA claims if they can adequately (1) "demonstrate that they have assignments from ERISA plan members" and (2) "that the assignments encompass the ERISA claims pursued." *In re Aetna*, 2015 WL 3970168, at *11; Br. at 7-8. Neither of the Provider-Plaintiffs has met this standard.

Dr. Scordilis's own assignment forms show that his patients do ***not*** assign their claims to him individually; they instead assign claims to his practice, Scordilis Chiropractic—a different legal entity. (Br. at 8-10.) Plaintiffs ask the Court to simply ignore this fact, arguing that "Dr. Scordilis is the 100% owner of Scordilis Chiropractic." (Opp. at 16.) Not only is that assertion nowhere in the Complaint, but this Court cannot presume that Dr. Scordilis has a valid assignment made ***to him individually***, when his own forms demonstrate conclusively that he does not. (*See* Br. at 8-9 (citing *In re Aetna*, 2015 WL 3970168, at *12).)

10

Next, Plaintiffs have no answer to Cigna's argument that Dr. Loewrigkeit has not pled any assignment *at all*. (Br. at 10-11.) Without alleging that a valid assignment exists and without demonstrating that its terms cover the ERISA claims at issue, Dr. Loewrigkeit cannot maintain any ERISA claims. *See, e.g.*, *Prof'l Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield*, 2015 WL 4387981, at *6 (D.N.J. July 15, 2015) (dismissing where "the Complaint merely pleads the most conclusory allegations that the Provider Plaintiffs obtained beneficiary status" from a form that "they required all patients to sign," but where there were "no factual allegations that illuminate the extent or boundaries of this purported assignment"); Br. at 10-11 (citing additional cases that dismiss ERISA claims on this basis).

Third, the Provider-Plaintiffs argue that their assignment forms designate them "as attorneys-in fact for their patients," which they contend enables them to pursue claims on patients' behalf, "despite the existence of anti-assignment clauses" in some of Cigna's plans. (Opp. at 14.) This argument is irrelevant for this Rule 12(b)(6) motion, however, for two reasons: (1) regardless of whether Dr. Scordilis's assignment form actually grants him power of attorney does not change the fact that those claims would be assigned to his *practice*, not to Dr. Scordilis individually; and (2) Dr. Loewrigkeit has not alleged the terms of any

11

assignment forms that grant him power of attorney, so this argument would not save any of his ERISA claims.

### B. The ANJC Lacks Associational Standing.

Finally, Plaintiffs introduce an affidavit from the Executive Director of the ANJC to argue that the ANJC can maintain claims on behalf of its members. (Opp. at 17-25.) To start with, this affidavit should be struck because "an affidavit filed in opposition to a pending motion to dismiss 'clearly comprise[s] a matter outside the pleading,'" which cannot be considered on a Rule 12(b)(6) motion. *Steinagel v. Valley Oral Surgery*, 2013 WL 5429269, at *5 (E.D. Pa. Sept. 30, 2013) (declining to consider declaration that "provide[d] supplemental factual averments . . . in response to the Motion to Dismiss/Strike," in ruling on a Rule 12(b)(6) motion).

Plaintiffs are wrong on the substance too, because the ANJC still does not meet two of the three prongs for associational standing. First, the ANJC has not shown that "its members would otherwise have standing to sue in their own right." *Franco v. Conn. Gen. Life Ins. Co.*, 647 F. App'x 76, 82 (3d Cir. 2016); Br. at 11-12. In asserting otherwise, the ANJC relies on two cases not brought under ERISA that are therefore totally irrelevant. *See N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*, 563 F. Supp. 2d 474, 478, 482 (D.N.J. 2008) (advocacy organizations brought action on behalf of disabled children asserting that defendants violated the

12

children's rights under the Individuals with Disabilities Education Act; defendants *conceded* the first prong was met, as "Plaintiffs' members would have standing to bring this action on their own"); *Chiropractic All. of N.J. v. Parisi*, 854 F. Supp. 299, 301, 307 (D.N.J. 1994) (chiropractic organization alleged that state investigators engaged in a scheme to extort money from chiropractors; first prong was met given allegations that the scheme caused "numerous members of [the] organization [to] execute[] consent decrees and pa[y] fines based, *inter alia*, on threats of prosecution").

Here, conversely, the Complaint gives no basis to find that *any* ANJC members can actually bring claims under ERISA, for multiple reasons: the Complaint does not identify any valid assignments that could support ERISA claims by individual ANJC members; the Complaint does not plausibly allege any violation of ERISA plan terms by Cigna; and the Complaint does not plausibly allege any other ERISA violation by Cigna either. In short, the Complaint simply does not allege that any ANJC "members would otherwise have standing to sue in their own right," *Franco*, 647 F. App'x at 82, and the first prong is not met. *See, e.g.*, *In re Aetna*, 2015 WL 3970168, at *12 (no associational standing where "the only provider plaintiff in this action . . . has no basis to pursue his claims under ERISA").

13

<u>Second</u>, the ANJC has also not met the third prong for associational standing, because it failed to demonstrate that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Franco*, 647 F. App'x at 82; Br. at 11-12.  Plaintiffs argue this prong is met if the association seeks only injunctive relief, or where monetary relief is only ancillary. (Opp. at 19, 21-22.)  But at the risk of repetition, Plaintiffs once again ignore that this is an ***ERISA action*** that will largely turn, first, on whether Plaintiffs have valid assignments to assert these ERISA claims in the first place; and second, if so, what different ERISA plans say regarding how Cigna must reimburse out-of-network chiropractic claims under those plans.  All of this requires a nuanced, plan-specific, and indeed claim-specific inquiry, regardless of whether Plaintiffs only seek injunctive relief—because, as detailed above, there is no such thing as equitable or injunctive relief "at large" under ERISA; all that ERISA authorizes courts to do is to enforce specific plan terms and redress specific ERISA statutory violations. *Supra* at 6; *Mertens*, 508 U.S. at 253.

This is why courts dealing with associational standing in the ERISA context—and not in the factually inapposite cases on which the ANJC relies—find that this kind of claim-specific inquiry requires participation from individual members, which precludes associational standing.  *See Franco v. Conn. Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 813 (D.N.J. 2011) (no associational standing where

"resolving the claims at issue requires careful examination, on a provider-by-provider basis" of patient assignments), *aff'd in relevant part*, 647 F. App'x at 83 ("a court would have to undertake a close examination of the terms of each of the many employer-sponsored healthcare plans administered by Cigna in the context of the specific healthcare services rendered by each member of the Association Plaintiffs," and "participation of members of the Association Plaintiffs would be essential to resolve these issues"); *In re Aetna*, 2015 WL 3970168, at *12 (finding that association's claims did not meet first and third prong). The same result should follow here.

## CONCLUSION

For the reasons stated above and in Cigna's supporting brief, Cigna respectfully requests that this Court grant its motion to dismiss.

Dated:  March 9, 2020

|  |  |
|---|---|
| Joshua B. Simon, Esq.<br>Warren Haskel, Esq.<br>Dmitriy Tishyevich, Esq.<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>(212) 446-4800 | s/ Penelope M. Taylor<br>Penelope M. Taylor, Esq.<br>MCCARTER & ENGLISH, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey  07102<br>(973) 639-7947 |

*Attorneys for Defendants Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (improperly pleaded CIGNA Insurance Co.)*

15