**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY CHIROPRACTORS, INC., et al., *Plaintiffs*, v. DATA ISIGHT, INC., et al., *Defendants*. | Civil Action No. 19-21973 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

Through this matter, Plaintiffs are attempting to stop Defendants' allegedly improper practice of underbilling for chiropractic services that Plaintiffs provide their patients. Presently before the Court are motions to dismiss the Complaint filed by the following Defendants: (1) Connecticut General Life Insurance Company, and Cigna Health and Life Insurance Company (together, the "Cigna Defendants"), D.E. 18; (2) Aetna Health, Inc. and Aetna Health Insurance Co. (together, the "Aetna Defendants"), D.E. 21; and (3) Data Isight, Inc. and Multiplan, Inc. (together, the "Vendor Defendants"), D.E. 22. Plaintiffs the Association of New Jersey Chiropractors, Inc. ("ANJC"), Dr. Peter Scordilis, and Dr. Eric Loewrigkeit collectively filed briefs in opposition to each motion (D.E. 19, 24, 26), to which Defendants replied (D.E. 23, 35, 38).[1] The Court reviewed the parties' submissions and decides the motions without oral argument

---

[1] The Cigna Defendants' brief in support of their motion (D.E. 18-1) will be referred to as "Cigna Br."; the Aetna Defendants' brief in support of their motion (D.E. 21-2) will be referred to as "Aetna Br."; and the Vendor Defendants' brief in support of their motion (D.E. 22-1) will be referred to as "Vendor Br.". Plaintiffs' opposition to the Cigna Defendants' motion (D.E. 19) will be referred to as "Cigna Opp."; Plaintiffs' opposition to the Aetna Defendants' motion (D.E. 21)

pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons set forth below, Defendants' motions are **GRANTED in part** and **DENIED in part**.

## I. FACTUAL[2] AND PROCEDURAL BACKGROUND

Plaintiffs Scordilis and Loewrigkeit are licensed chiropractors and the ANJC is a corporation that "promote[s] the chiropractic profession and the interests of chiropractors in the state of New Jersey."  Compl., Summary of Plfs' Allegations ¶¶ 1-3.[3]  Plaintiffs allege that the Cigna and Aetna Defendants hired the Vendor Defendants to reprice insurance reimbursements to doctors.  Scordilis and Loewrigkeit contend that because of the Vendor Defendants' repricing, they

---

will be referred to as "Aetna Opp."; and Plaintiffs' opposition to the Vendor Defendants' motion (D.E. 26) will be referred to as "Vendor Opp.".  The Cigna Defendants' reply brief (D.E. 23) will be referred to as "Cigna Reply"; the Aetna Defendants' reply brief (D.E. 38) will be referred to as "Aetna Reply"; and the Vendor Defendants' reply brief (D.E. 35) will be referred to as "Vendor Reply".

[2] The factual background is taken from Plaintiffs' Complaint.  D.E. 1.  When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in a complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Moreover, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  *Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, 624 (D.N.J. 2010) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).  Here, Plaintiffs quote a portion of an assignment of benefits and power of attorney (the "AOB") that patients allegedly executed before receiving medical care from the Plaintiff doctors.  Compl., Overview ¶¶ 9-10.  The Cigna Defendants include full copies of the AOB for multiple patients as exhibits to their motion and argue that the Court can consider the complete documents to dismiss the Complaint.  *See, e.g.*, Certification of Penelope Taylor ("Taylor Cert."), Ex. 2, D.E. 18-4.  Given the fact that Plaintiffs include a direct quotation from these documents in the Complaint, the Court will consider the full document in deciding the pending motions.  *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (ruling that, in deciding a motion to dismiss, a court may rely on "a document integral to or explicitly relied upon in the complaint").  In addition, the Cigna Defendants maintain that the Court can also rely on a plan document, *see* Taylor Cert. Ex. 1, as it is integral to the Complaint.  *See* Cigna Br. at 5 n.3.  Plaintiffs do not appear to disagree.  Because Plaintiffs' allegations pertain to appropriate payment to out-of-network providers pursuant to ERISA plans, the Court concludes that the plan document is integral.  Accordingly, the Court also considers this document.

[3] The Complaint does not have consecutively numbered paragraphs.  As a result, citations to the Complaint reference both a subheading and the paragraph within that subheading.

2

have been underpaid by the Cigna and Aetna Defendants for provided medical services, in contravention of the applicable ERISA plan documents. *Id.*, Repricing Issue ¶¶ 1-2, 6. Plaintiffs also maintain that the repricing violates state and federal law. *Id.* ¶ 5, 11. Additional relevant facts are discussed in the Analysis section below.

Plaintiffs filed suit on December 27, 2019 and seek a declaratory judgment stating that Defendants' repricing scheme violates the Employee Retirement Income Security Act of 1974 ("ERISA") and their fiduciary duties pursuant to ERISA. *Id.* ¶ 11, Claims ¶¶ 1-14. Plaintiffs also seek injunctive relief prohibiting the practice going forward. *Id.* ¶ 14. Scordilis and Loewrigkeit allege that they obtained an assignment of benefits and power of attorney from patients prior to providing medical services, which authorizes them to pursue their claims here. *Id.*, Overview ¶¶ 9-10. The ANJC seeks the requested relief "in a representational capacity on behalf of its members." *Id.*, Claims ¶ 14. Defendants subsequently filed their motions to dismiss.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements

of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

#### A. Standing

Defendants contend that all three Plaintiffs lack standing to bring claims on behalf of their patients.[4] The Court addresses Defendants' arguments for each Plaintiff below.

##### 1. Standing as to Dr. Scordilis

Defendants first argue that Scordilis has not sufficiently alleged that he is an assignee or attorney-in-fact, such that he can assert ERISA claims on behalf of his patients. *See, e.g.*, Cigna Br. at 8-10. Generally, only a participant or beneficiary under a plan has standing to bring an ERISA claim. 29 U.S.C. § 1132(a)(1). Scordilis, as a healthcare provider, is neither a participant nor a beneficiary. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). A healthcare provider nevertheless may have standing to assert an ERISA claim if there is a valid assignment of benefits. *See Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018) (citing *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015)). The AOB utilized by Scordilis designates "the Provider" as the patient's "representative/attorney-in-fact to pursue claims and appeals and/or

---

[4] A motion to dismiss for lack of standing is typically brought under Federal Rule of Civil Procedure 12(b)(1). *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). The Third Circuit recently suggested, however, that a challenge to derivative standing under ERISA, as here, "involves a merits-based determination" that is non-jurisdictional and properly brought under Rule 12(b)(6). *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 (3d Cir. 2015). In any event, when standing is challenged on the basis of the pleadings pursuant to Rule 12(b)(1), courts apply the same standard of review as a Rule 12(b)(6) motion to dismiss. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d at 243.

litigation on my behalf and exercise all rights connected with my health care benefit plan or insurance policy[.]"  Compl., Overview ¶ 10.  The AOB, however, designates Scordilis Chiropractic, not Scordilis individually, as the Provider.  Taylor Cert. Ex. 3.  Scordilis Chiropractic is a distinct legal entity and is not a plaintiff in this matter.  Thus, Scordilis individually does not have a valid assignment of benefits.  As a result, Scordilis lacks standing to assert claims by virtue of the AOBs.  *See In re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *12 (D.N.J. June 30, 2015) (dismissing ERISA claims brought by individual medical provider because assignments transferred his patients' rights to his practice).

Plaintiffs argue that they have standing because they seek a declaratory judgment and injunctive relief to stop billing practices, and that this is not an action to compel the payment of specific plan benefits.  Cigna Opp. at 13.  But Plaintiffs are asserting claims solely pursuant to ERISA.  As discussed, only participants and beneficiaries may assert ERISA claims, and Scordilis is neither a participant nor a beneficiary.  Plaintiffs also contend that the AOB is sufficient because Scordilis is the 100% owner of Scordilis Chiropractic.  *Id.* at 16.  But this allegation does not appear in the Complaint, and Plaintiffs cannot amend their Complaint through a brief.  *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)).

Finally, Plaintiffs maintain that Scordilis has standing to assert claims on his patients' behalf because he is the patients' attorney-in-fact by virtue of the POA.  Plaintiffs rely on language in *American Orthopedic & Sports Medicine v. Independent Blue Cross Blue Shield*, 890 F.3d 445 (3d Cir. 2018) to support their POA argument.  *See* Cigna Opp. at 14.  In *American Orthopedic*, the Third Circuit suggested that a medical provider may be able to bring claims on a patient's

5

behalf through a valid power of attorney. 890 F.3d at 454-55; *see also Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, --- F.3d ---, 2020 WL 4033125, at *5 (3d Cir. July 17, 2020) (recognizing that the Circuit "left open the possibility that a patient could grant her provider a valid power of attorney to pursue claims for benefits on her behalf"). The Court, however, need not address whether a provider has standing to assert ERISA claims through a valid power of attorney because a valid power of attorney does not exist here. As discussed, the AOB designates Scordilis Chiropractic as the Provider, not Scordilis as an individual.

As pled, Scordilis does not sufficiently allege that he obtained a valid assignment of benefits or power of attorney that would permit him to assert these ERISA claims on behalf of his patients. The Complaint, therefore, is dismissed as to Scordilis for lack of standing.

### 2. Standing as to Dr. Loewrigkeit

Defendants argue that the Complaint should be dismissed as to Loewrigkeit because he fails to plead that a proper assignment exists. *See* Cigna Br. at 10. Plaintiffs assert that Loewrigkeit had patients execute an AOB before providing care and they set out the specific language through which patients designate the Provider as the assignee of their rights. Compl., Overview ¶¶ 9-10. The quoted language in the Complaint sufficiently sets out "the terms and parameters of an assignment," which "satisfy[ies] [the Court] that a provider has derivative standing to sue under ERISA." *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 13-3057, 2013 WL 5780815, at *6 (D.N.J. Oct. 25, 2013). Consequently, viewing the Complaint in the light most favorable to Plaintiffs, the Complaint establishes that Loewrigkeit is an assignee for his patients through the AOB. Moreover, Defendants do not include any executed AOBs from Loewrigkeit's patients that establish that an affiliated entity, rather than Loewrigkeit, is the Provider as they did for Scordilis.

Accordingly, Plaintiffs sufficiently plead that Loewrigkeit has standing to assert claims in this matter.

Defendants contend that because Plaintiffs fail to identify any specific patients that assigned their rights to Loewrigkeit it is impossible for Defendants to respond to Plaintiffs' allegations. Aetna Br. at 6. The Court disagrees. Unlike many ERISA matters, Plaintiffs are not seeking monetary damages for alleged underpayment related to specific patients. If that were the case, then Plaintiffs would be required to plead sufficient facts to establish which patients were at issue. Instead, Plaintiffs seek to stop the Cigna and Aetna Defendants from utilizing the Vendor Defendants to lower payments where Loewrigkeit is billed as an out-of-network provider. Defendants do not need specific patient names to defend against these claims as they address billing practices generally. Accordingly, these allegations are sufficient to state a claim. And to the extent that Loewrigkeit has valid assignments for his patients, as is pled, Loewrigkeit has standing to assert these claims.[5]

### 3.  Associational Standing as to the ANJC

Next, Defendants argue that the ANJC lacks associational standing to bring claims on behalf of its members. Cigna Br. at 11-12. An association may assert claims on its members' behalf "when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."

---

[5] The Vendor Defendants generally argue that Plaintiffs lack standing because two of the three identified ERISA plans at issue contain anti-assignment clauses. Vendor Br. at 7. "Anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable," provided that the clause is unambiguous. *Am. Orthopedic & Sports Med.*, 890 F.3d at 453 (citing *N. Jersey Brain & Spine Ctr.*, 801 F.3d at 372). But because the Vendor Defendants concede that only some plans contain anti-assignment provisions, there is no basis for the Court dismiss the Complaint as a whole on these grounds.

*Franco v. Conn. Gen. Life Ins. Co.*, 647 F. App'x 76, 82 (3d Cir. 2016) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 342 (1977)). Again, only plan participants and beneficiaries have standing to assert ERISA claims, and healthcare providers are not either. While Plaintiffs plead that Loewrigkeit obtained written assignments of benefits from patients who participated in the Cigna Defendant and Aetna Defendants' plans, Compl., Overview ¶ 9, the Complaint fails to make similar allegations as the existence of valid assignments of benefits for the ANJC's other members, and Scordilis himself does not have a proper assignment. Without allegations pertaining to the ANJC members' valid assignment of benefits, Plaintiffs fail to plausibly establish that the ANJC's members have standing to assert ERISA claims in their own right. To the contrary, as pled, the Complaint properly asserts standing as to a sole member, Loewrigkeit. As a result, the ANJC cannot satisfy the first requirement necessary to establish associational standing. *See In re Aetna UCR Litig.*, 2015 WL 3970168, at *12 (concluding that association plaintiff failed to establish standing because it was not clear that each member had a valid proof of assignment).

Plaintiffs also fail to establish that the ANJC satisfies the third prong of the associational standing test. Plaintiffs argue that individual members' participation will not be necessary because they seek injunctive relief. Plaintiffs, however, overlook that there are different ERISA plans at issue that presumably contain different billing requirements for out-of-network chiropractic care. Even assuming that each ANJC member has valid assignments for his patients, the Court will likely need to consider multiple plans, which must be provided by individual members, to appropriately analyze the claims at issue here. As a result, Plaintiffs fail to establish that the ANJC has associational standing. Plaintiffs' motion to dismiss, therefore, is granted on these grounds.

8

### B. Failure to State a Claim

Because Loewrigkeit has standing to assert claims here, the Court addresses Defendants' arguments as to failure to state a claim upon which relief may be granted. Counts One and Two of the Complaint both center around the allegation that Defendants made adverse benefit determinations and reimbursed patients below the rates required by plan documents. Compl., Claims ¶ 2. In Count One, Plaintiffs allege that Defendants violated ERISA because of their underpayment of claims, and in Count Two, Plaintiffs allege that Defendants violated their ERISA fiduciary duty for the same reason. *Id.* ¶¶ 1-14. Section 502(a)(1)(B) provides a plaintiff with the right "to recover benefits due to him under the terms of his plan, [and] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "A plaintiff seeking to recover under [this section] must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *K.S. v. Thales USA, Inc.*, No. 17-07489, 2019 WL 1895064, at *4 (D.N.J. Apr. 29, 2019) (quoting *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 575 (3d Cir. 2006)). For example, in *Atlantic Plastic & Hand Surgery, PA v. Anthem Blue Cross & Health Insurance Co.*, No. 17-4600, 2018 WL 1420496, *8-10 (D.N.J. Mar. 22, 2018), Chief Judge Wolfson determined that the complaint failed to plausibly state a claim for denial of benefits pursuant to Section 502(a). *Id.* at 10. Chief Judge Wolfson explained that the plaintiff's allegation that the defendants failed to pay the plaintiff's usual and customary amount did not indicate that the defendants were required to do so under the applicable plan. *Id.* Chief Judge Wolfson also noted that several courts have dismissed similar ERISA counts when the complaint failed to identify the plan provision that was allegedly violated. *Id.* at 8 (citing *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13–552, 2015 WL 3938925, at *5 (D.N.J. June 25, 2015), *aff'd*, 650 F. App'x 106 (3d Cir. 2016)); *see also K.S.*, 2019 WL 1895064, at *6 (dismissing claim for full

9

payment to out-of-network provider pursuant to Section 502(a) because "the Amended Complaint fails entirely to specify which portion of the Thales Plan the alleged underpayment violated"). Plaintiffs' claims here fail for the same reasons. Plaintiffs' claims are premised on the assumption that as non-participating providers, they are entitled to be reimbursed for a specific percentage of their billed rate. Compl., Repricing Issue ¶ 6. Plaintiffs, however, fail to identify plan language to support this assumption. Moreover, Defendants point to language in a Plan stating that the plan participant shall be reimbursed for 70% of the maximum reimbursable charge, and that the maximum reimbursable charge is different than the billed rate. *See* Taylor Cert., Ex. 1 at 21.

As a result, Counts One and Two are dismissed.[6]

### IV.   CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (D.E.18, 21, 22) are **GRANTED in part** and **DENIED in part**. The dismissed parties and claims are dismissed without prejudice and Plaintiffs are provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein. An appropriate Order accompanies this Opinion.

Dated: August 24, 2020

_____
John Michael Vazquez, U.S.D.J.

---

[6] Defendants initially argued that Plaintiffs also failed to state a claim in Count Three, which alleged that the Cigna and Aetna Defendants failed to provide plan documents to Plaintiffs in violation of 29 U.S.C. § 1024(b)(4). Plaintiffs, however, voluntarily dismissed Count Three of the Complaint. D.E. 34. Thus, the Court will not address Defendants' arguments as to Count Three.