## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ASSOCIATION OF NEW JERSEY CHIROPRACTORS, INC., SCORDILIS CHIROPRACTIC, PA, & ERIC LOEWRIGKEIT, DC,<br><br>         Plaintiffs,<br><br> vs.<br><br>DATA ISIGHT, INC.; MULTIPLAN, INC.; CONNECTICUT GENERAL LIFE INSURANCE CO.; CIGNA INSURANCE CO.; AETNA HEALTH INC.; AETNA HEALTH INSURANCE CO.,<br><br>         Defendants. | Civil Action No.: 2:19-cv-21973-JMV-JBC |

---

## MULTIPLAN INC. AND DATA ISIGHT INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

---

Of Counsel and On The Brief:

Rachel Rose Hager, Esq.
Errol J. King, Esq

**<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ..................................................................................... iii

PRELIMINARY STATEMENT ................................................................................1

INTRODUCTION .......................................................................................................1

BACKGROUND .........................................................................................................2

     I.     Plaintiffs' Allegations ................................................................................3

LEGAL STANDARD .................................................................................................5

ARGUMENT ..............................................................................................................6

     I.     Plaintiffs' ERISA Claims Are Insufficiently Pled ...................................6

          A.     ANJC Lacks Associational Standing ...........................................6

          B.     MultiPlan And Data iSight Are Not The Proper Defendants
                 Under ERISA ...............................................................................8

          C.     Plaintiffs Fail To State A Claim For ERISA Violations ...........10

               *1.*     *Plaintiffs Are Not Entitled To A Substantive Remedy
                     For Failure To Provide Full And Fair Review*..............................11
               *2.*     *The Duty To Provide Full And Fair Review Rests With
                     The Plan's Named Fiduciary*.........................................................12
               *3.*     *Plaintiffs Fail To Identify A Specific Plan Provision
                     That Entitles Each Of Them To Benefits*.......................................12

          D.     Plaintiffs Fail To State A Viable Claim For Violation Of Fiduciary
                 Duties ..........................................................................................14

          E.     Plaintiffs Already Dismissed With Prejudice Their Claim Against
                 MultiPlan For Statutory Penalties ..............................................20

CONCLUSION ........................................................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Aetna*,
  2015 U.S. Dist. LEXIS 84600 (D.N.J June 30, 2015) ........................................................8, 19

*Am. Orthopedic & Sports Med. V. Indep. Blue Cross Blue Shield*,
  890 F.3d 445 (3d Cir. 2018) ...................................................................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................5, 6

*Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*,
  2018 U.S. Dist. LEXIS (D.N.J. Oct. 31, 2018) .....................................................................13

*Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*,
  *No. 17*-4600, 2018 U.S. Dist. LEXIS 47181
  (D.N.J. Mar. 22, 2018) .....................................................................................................12, 13

*Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v.
  Wettlin Assocs.*, *237* F.3d 270 (3d Cir. 2001) .........................................................................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................5, 6

*Bergamatto v. Bd. Of Trs. of the Nysa-Illa Pension Fund*,
  933 F.3d 257 (3d Cir. 2019) ............................................................................................17, 18

*Brigilia v. Horizon Healthcare Servs.*,
  2005 U.S. Dist. LEXIS 18708 (D.N.J. May 13, 2005) ...................................................7, 8, 10

*Cohen v. Indep. Blue Cross*,
  820 F. Supp. 2d 594 (D.N.J. Oct. 24, 2011) ........................................................................15

*Cohen v. Prudential Ins. Co.*, No. 08-5319, 2009 U.S. Dist. LEXIS 71422 (E.D.
  Pa. Aug. 12, 2009) ...............................................................................................................15

*Confer v. Custom Eng'g Co.*, 952 F.2d 34 (3d Cir. 1991) ..............................................................9

*Curcio v. John Hancock Mutual Life Ins. Co.*,
  33 F.3d 226 (3d Cir. 1994) .................................................................................................8, 9

*Greene v. Hartford Life & Acc. Ins. Co.*, *No.* 13-6033, 2014 U.S. Dist. LEXIS
  12668 (E.D. Pa. Sept. 10, 2014) ..........................................................................................15

*Hall v. Glenn O. Hawbaker, Inc., No.: 4:06-CV-1101*,
  2007 U.S. Dist. LEXIS 70431 (M.D. Pa. Sept. 24, 2007) ....................................................17

*Kyle Rys. v. Pac. Admin. Servs.*, 990 F.2d 513 (9th Cir. 1993) ....................................................10

*LifeCare Mgmt. Servs. L.L.C. v. Ins. Mgmt. Adm'rs*,
        703 F.3d 835 (5th Cir. 2013) ..........................................................................................10

*Miller v. Mellon Long Term Disability Plan*,
        721 F. Supp. 2d 415 (W.D. Pa. June 25, 2010) ........................................................9, 14

*Morely v. Avay, Inc. Long Term Disability Plan*,
        No. 04-409, 2006 U.S. Dist. LEXIS 53720 (D.N.J. Aug. 3, 2006) .........................15

*Mulder v. PCS Health Sys.*, 216 F.R.D. 307 (D.N.J. July 17, 2003) .................................10

*Pa. Psychiatric. Soc'y v. Green Spring Health Servs.*,
        280 F.3d 279 (3d Cir. 2002)..............................................................................................8

*Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-552, 2015 U.S. Dist. LEXIS 82982
        (D.N.J. June 25, 2015) ...........................................................................................13, 16, 18

*Precopio v. Bankers Life & Gas Co.*,
        2004 U.S. Dist. LEXIS 30425 (D.N.J. Aug.10, 2004).......................................11, 14

*Progressive Spine & Orthopaedics, L.L.C. v. Empire Blue Cross Blue Shield*, *No.*
        16-01649, 2017 U.S. Dist. LEXIS 26671
        (D.N.J. Feb. 27, 2017)......................................................................................................6

*Robco of Am. v. Ins. Co. of N. Am.*,
        845 F. Supp. 1112 (W.D. Pa. May 9, 1994) ................................................................9

*Segura v. Dr. Reddy's Labs., Inc.*,
        2012 U.S. Dist. LEXIS 180720 (D.N.J. Dec. 20, 2012) .........................................18

*Shah v. Atena*, 2017 U.S. Dist. LEXIS 104750 ..................................................................11

*Syed v. Hercules Inc.*, 214 F.3d 155 (3d Cir. 2000)........................................................11

*Tywalk v. Prudential Ins. Co.*, NO. Civ. A. 2004-222J, 2006 U.S. Dist. LEXIS 70
        (W.D. Pa. Sept. 28 2006) ................................................................................................8

*Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996)........................14

*Wayne Surgical Ctr., L.L.C. v. Concentra Preferred Sys.*,
        No. 06-928, 2008 U.S. Dist. LEXIS 108331 (D.N.J. May 9, 2008)........................9

**Statutes**

29 U.S.C.§ 1002........................................................................................................................17

29 U.S.C. § 1024.................................................................................................................4, 16

29 U.S.C. § 1104 ........................................................................................................4, 14

29 U.S.C. § 1132 ....................................................................................................4, 11, 17

29 U.S.C. § 1133 ....................................................................................................2, 11, 12

## PRELIMINARY STATEMENT

Defendants, Data iSight ("Data iSight") and MultiPlan, Inc. ("MultiPlan") (collectively referred to as "MultiPlan"),[1] respectfully submit this Memorandum in Support of their Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiffs, The Association of New Jersey Chiropractors, Inc. ("ANJC"), Scordilis Chiropractic, PA ("Scordilis Chiropractic"), and Eric Loewrigkeit, DC ("Dr. Loewrigkeit"), (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion") as follows:

## INTRODUCTION[2]

Like Plaintiffs' original complaint, which was dismissed by the Court in its entirety, *see Ass'n of N.J. Chiropractors, Inc. v. Data iSight, Inc.* ("*ANJC*"), 2020 WL 4932458 (D.N.J Aug. 24, 2020), the FAC fails to set forth sufficient facts to establish a claim against MultiPlan.[3] Indeed, the FAC's allegations and claims against MultiPlan are essentially the same as those set forth in Plaintiffs' original complaint. The only substantive changes made by Plaintiffs in the FAC (with regard to MultiPlan) are the addition of Scordilis Chiropractic as a plaintiff and the removal of Dr. Peter Scordilis, who was likewise dismissed by the Court in its Opinion and Order dated August 24, 2020 [Rec. Docs. 39 & 40] (the "MTD Order"). However, the FAC does not cure any of the other defects identified by the Court in its MTD Order.

---

[1]   Data iSight is not a juridical entity with a separate and distinct identity from MultiPlan. Rather, Data iSight is a patented proprietary service owned and utilized by MultiPlan to price non-contracted medical claims for MultiPlan's clients.  Plaintiffs' counsel has repeatedly been apprised of this but nonetheless continues to maintain the meritless position that Data iSight is a corporation.

[2]   For the purpose of this brief, "Cigna" collectively refers to Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (improperly named as "Cigna Insurance Co."); "Aetna" refers to Aetna Health Insurance Company and Aetna Health, Inc.; "Defendants" collectively refers to MultiPlan, Cigna, and Aetna; and "ERISA" refers to the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, *et seq.*  Unless otherwise noted, all emphasis is added and all internal citations and quotations are omitted.

[3]   Plaintiffs voluntarily dismissed the claims contained in their third cause of action, "COUNT THREE: STATUTORY PENALTIES," against Data iSight and MultiPlan with prejudice.  See Rec. Doc. 34.

Specifically, while the Court dismissed ANJC as a plaintiff on the grounds that it lacked associational standing, Plaintiffs fail not only to remove ANJC as a plaintiff in the FAC, but also fail to add all of the individual members as plaintiffs in the FAC or to include additional factual allegations in the FAC to plausibly establish ANJC's associational standing. Plaintiffs also fail to allege sufficient facts in the FAC to establish that MultiPlan is a proper defendant on a claim under ERISA Section 502, which may only be brought against the ERISA plan itself or an ERISA fiduciary. Finally, Plaintiffs still fail to identify specific plan provisions in the FAC that entitle each of them to benefits, and such failure is once again fatal to their claims.

For these reasons, and for the reasons explained more fully below and in the Motions to Dismiss Plaintiffs' First Amended Complaint filed by Cigna and Aetna, which are adopted and incorporated as if fully set forth herein, Plaintiffs' FAC should be dismissed in its entirety and with prejudice for failure to state a claim against MultiPlan upon which relief may be granted.

## BACKGROUND

A.        **Procedural History**

Plaintiffs initiated the instant suit on December 27, 2019, when they filed their original Complaint seeking a declaration that MultiPlan's repricing policies and practices are in violation of ERISA and the terms of employee benefit plans and an injunction to enjoin the implementation of such repricing policies and practices. Cigna filed its Motion to Dismiss the original complaint on February 21, 2020, while MultiPlan and Aetna filed their respective Motions to Dismiss the original complaint on March 6, 2020. Thereafter, on August 24, 2020, the Court issued an Order granting in part and denying in part Defendants' Motions to Dismiss, and dismissing Plaintiffs' original complaint in its entirety.

Relevant here, the Court dismissed (1) ANJC as a plaintiff and (2) Plaintiffs' claims for ERISA violations and breach of fiduciary duty. [MTD Order, Rec. Doc. 40]. Specifically, the Court determined that ANJC lacked associational standing to bring suit on behalf of its members because it failed to establish "the existence of valid assignments of benefits for the ANJC's other members," and "[w]ithout allegations pertaining to the ANJC members valid assignment of benefits, Plaintiffs fail to plausibly establish that the ANJC's members have standing to assert ERISA claims in their own right." [Opinion, Rec. Doc. 39, p. 8]. The Court further found that ANJC lacked associational standing because its claims require the participation of individual members. [*Id.*]. With regard to Plaintiffs' claim for ERISA violations, the Court explained that it was insufficiently pled because Plaintiffs "fail[ed] to identify plan language to support [their] assumption" that "as non-participating providers, they are entitled to be reimbursed for a specific percentage of their billed rate." [*Id.* p. 10]. Similarly, the Court dismissed Plaintiffs' claim for breach of fiduciary duty for this same reason, as it was premised on the same assumption. [*Id.*].

On September 21, 2020, Plaintiffs, filed their FAC in which they attempted to reassert their ERISA claims against MultiPlan, without (a) remedying any of the deficiencies identified by the Court in its MTD Order regarding ANJC's associational standing except to add Scordilis Chiropractic as a plaintiff, (b) without alleging sufficient facts to establish MultiPlan's status as a proper ERISA defendant, and (c) without identifying specific ERISA plan provisions that entitle each of them to benefits. As such, Plaintiffs' claims against MultiPlan in the FAC should be dismissed in their entirety, and with prejudice, pursuant to Rule 12(b)(6).

### B.      Plaintiffs' Allegations

Plaintiffs' causes of action against MultiPlan are premised on the assertion that MultiPlan violated ERISA by implementing a "blanket policy and practice […] which globally reduces all

claim reimbursements to out-of-network providers, including [P]laintiffs, to reimbursement rates below what is required to be paid by the Plan EOC/SPD provisions." [*Id.*]. According to the FAC, this "blanket policy and practice" violates: (i) "ERISA's mandate of providing a full and fair review of adverse determinations of claim submissions;" (ii) "the ERISA fiduciary duty requirement; and (iii) "ERISA's mandate that Plan Administrators provide Plan documents within thirty days of written request for same." [*Id.*].

Plaintiffs' further assert that Defendants, including MultiPlan, "assumed the role of fiduciaries under ERISA" by "making coverage and benefit decisions, calculating reimbursement rates, and deciding appeals" regarding the health care plans of the patients "that are at issue in this matter." [*Id.* at p. 6, ¶ 3]. These same actions, in conjunction with "interpret[ing] and apply[ing] the plan terms […] issu[ing] Explanation of Benefits, […] and provid[ing] for payment to subscribers and/or their providers," allegedly make Defendants, including MultiPlan, "Plan Administrators." [*Id.* at p. 6, ¶ 6].

Based on these allegations, Plaintiffs assert three causes of action against MultiPlan — (i) a claim for ERISA violations pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3); (ii) violation (breach) of fiduciary duty pursuant to 29 U.S.C. §§ 1132(a)(3), 29 U.S.C. § 1104(a)(1)(B) & (D); and (iii) a claim for penalties for failure to provide plan documents under 29 U.S.C. § 1024(b)(4). Plaintiffs claim that, pursuant to various assignments of benefits from their patients, they have the right to sue for the amount of ERISA benefits allegedly owed, as well as for equitable relief under ERISA. [FAC p. 5, ¶ 1, p. 7, ¶ 10]. Specifically, Plaintiffs seek a declaration that MultiPlan's repricing policies and practices are in violation of ERISA and the terms of employee benefit plans, as well as an injunction prohibiting the implementation of such repricing policies and practices. [*Id.* at p. 20, ¶ 8; p. 21, ¶ 14]. However, Plaintiffs' FAC alleges no facts to support these claims

against MultiPlan. As such, Plaintiffs' claims should all be dismissed for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its own face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the plaintiff pleads facts that will allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). While "detailed factual allegations" generally are not required, the complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not sufficient to defeat a motion to dismiss under Rule 12(b)(6). *Twombly*, 550 U.S. at 555. Nor is a complaint sufficient if it tenders only "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

In evaluating the sufficiency of a complaint under Rule 12(b)(6), the court must follow a two-pronged approach.  *Iqbal*, at 679. First, the court must accept all well-pleaded factual allegations as true. *Iqbal*, at 663. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly,* 550 U.S. at 555 Moreover, the court need not accept as true a legal conclusion couched as a factual allegations. Id. Nor must the court accept "unsupported conclusions and unwarranted inferences." Second, assuming the veracity of well-plead factual allegations, the court must determine whether they plausibly give rise to an entitlement to relief.  *Iqbal,* at 679. There is no plausibility where the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct. *Id.*

## **ARGUMENT**

### A.   **ANJC Lacks Associational Standing**.

As explained in MultiPlan's Motion to Dismiss Plaintiffs' Original Complaint, [Rec. Doc. 22], to establish associational standing, "an association must demonstrate that '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit'" *Pa. Psychiatric. Soc'y v. Green Spring Health Servs.,* 280 F.3d 279 (3d Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343, 53 L. Ed 2d 383, 97 S.Ct. 2434 (1977)).

First, whether ANJC's members have standing to sue in their own right depends on whether the members fall into any of the enumerated categories of persons that have direct standing to sue under ERISA. Generally, ERISA § 502(a) limits standing to file suit to participants and beneficiaries of a plan. *Progressive Spine & Orthopaedics, L.L.C. v. Empire Blue Cross Blue Shield*, No. 16-01649, 2017 U.S. Dist. LEXIS 26671 (D.N.J. Feb. 27, 2017). Nevertheless, the Third Circuit has extended standing to assert ERISA claims to health care providers who have obtained a valid assignment of benefits from a plan participant. *Id.*

While Plaintiffs may have shown that Scordilis Chiropractic and Dr. Loewrigkeit have standing to sue in their own right through assignment of benefits, Plaintiffs fail to demonstrate that *each and every* member of ANJC has standing. This Court has previously dismissed an association's claims with prejudice for this very reason. *See King v. GNC Franchising, Inc.,* No. 04-5125, 2006 WL 3019551, at *10 (D.N.J. Oct. 23, 2006) (explaining that the association plaintiff lacked standing because it could not "demonstrate that each and every one of its members has

standing to bring the claims alleged in the Second Amended Complaint."). In its August 24th Opinion, this Court expressly stated: "While Plaintiffs plead that Loewrigkeit obtained written assignments of benefits from patients […] the Complaint fails to make similar allegations as the existence of valid assignments of benefits for the ANJC's other members," […] Without these allegations, […] Plaintiffs fail to plausibly establish that the ANJC's members have standing to assert ERISA claims in their own right." [Opinion, Rec. Doc. 39, p. 8, citing *In re Aetna UCR Litig.,* 2015 U.S. Dist. LEXIS 84600 (D.N.J June 30, 2015) (holding that the association plaintiff failed to establish standing because it was not clear that each member had a valid proof of assignment)]. Plaintiffs' have not remedied this fatal deficiency.

By Plaintiffs own admission, not every member of ANJC has accepted assignment of benefits from patients that are subscribers of Aetna and Cigna. Plaintiffs expressly state that only "a vast majority of ANJC members have accepted assignment of benefits." [FAC, Rec. Doc. 41, p. 2, ¶ 1]. Accordingly, ANJC fails to meet the first prong of the associational standing test as it has not demonstrated that *each and every* member has standing to sue pursuant to ERISA.

Second, Plaintiffs fail to show that ANJC satisfies the third prong of the associational standing test. To satisfy this prong, ANJC must demonstrate that individual members' participation will not be necessary. ANJC is mistaken in asserting that "neither the claims asserted or the relief sought," require the individual participation of members or individualized review of Aetna or Cigna plan documents because "the allegations concern the global repricing activities of Data iSight and MultiPlan." [*Id*. at p. 2, ¶ 1]. ANJC continues to overlook that MultiPlan's repricing methodology depends on the specific requirements of individual plans, and, as stated in the Opinion, this Court will need to analyze "multiple plans, which must be provided by individual members, to appropriately analyze the claims at issue." [Opinion, Rec. Doc. 40, p. 8]. As such,

ANJC fails to demonstrate that it has associational standing, and its claims should be dismissed.

### B.   MultiPlan Is Not A Proper Defendant Under ERISA.

As stated in MultiPlan's Motion to Dismiss Plaintiffs' original complaint, MultiPlan (including its proprietary service, Data iSight) is not a proper ERISA defendant, as ERISA § 502(a) only permits suits against the plan as an entity and against fiduciaries of the plan. *Curcio v. John Hancock Mutual Life Ins. Co.,* 33 F.3d 226, 223 (3d Cir. 1994); *Briglia v. Horizon Healthcare,* 2005 U.S. Dist. LEXIS 18708 (D.N.J. May 13, 2005).  *Tywalk v. Prudential Ins. Co.*, NO. Civ. A. 2004-222J, 2006 U.S. Dist. LEXIS 70513 (W.D. Pa. Sept. 28, 2006). MultiPlan is neither, and the FAC is devoid of any facts that makes it facially plausible that MultiPlan is the plan.

ERISA defines a fiduciary as one who "(i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets … or (iii) has any discretionary authority or discretionary responsibility in the administration of such plan." *Wayne Surgical Ctr., LLC v. Concentra Preferred Sys.,* 2008 U.S. Dist. LEXIS 108331 (D.N.J. May 9, 2008) (citing 29 U.S.C. § 1002(21)(A)).

Like the Original Complaint, the FAC alleges that all "Defendants," including MultiPlan, "assumed the role of fiduciaries" by "making coverage and benefit decisions, calculating reimbursement rates, and deciding appeals." [FAC, Rec. Doc. 41, p. 6, ¶ 3, 6–7]. However, Plaintiffs then go on to clarify that MultiPlan is a "third-party vendor" that was "hired by insurance companies, including Aetna and CIGNA, to 'reprice' […] insurance reimbursements." [*Id.* at p. 8, ¶ 1]. The U.S. Court of Appeals for the Third Circuit has squarely held that "an entity that performs purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles." *Confer v. Custom Eng'g Co.*, 952 F.2d 34 (3d Cir. 1991);

*Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270 (3d Cir. 2001); *Robco of Am. v. Ins. Co. of N. Am.*, 845 F. Supp. 1112, 116 (W.D. Pa. May 9, 1994). As such, MultiPlan's role in repricing/calculating claims does not qualify it as a fiduciary under ERISA.

Further hindering Plaintiffs claims against MultiPlan is that the FAC does not allege any facts to support a finding that MultiPlan had final authority to authorize or disallow a claim for benefits under any ERISA plan. *See Miller v. Mellon Long Term Disability Plan*, 721 F. Supp. 2d 415, 426 (W.D. Pa. June 25, 2010) (internal citations omitted) (explaining that "fiduciary status does not simply attach to any administrative activity, but rather, only to the person (or entity) who has final authority to authorize or disallow a claim for benefits under the plan."). Courts in this District have held that a plaintiff must plead facts to show that the defendant had actual control and authority of particular plans in order to state a claim for breach of fiduciary duty. *See Mulder v. PCS Health Sys.*, 216 F.R.D. 307, 313 (D.N.J. July 17, 2003). The FAC fails to make such a showing. In fact, Plaintiffs' allegation that MultiPlan was a "third-party vendor" actually indicates that MultiPlan *lacked* the authority to authorize or deny a claim, as MultiPlan's sole role as a "third-party vendor" is to reprice reimbursement rates. At best, MultiPlan's role, as alleged by Plaintiffs, is similar to that of a third-party administrator, and several circuits have held that a third-party administrator with no responsibility for paying claims cannot be a fiduciary. *See LifeCare Mgmt. Servs. L.L.C. v. Ins. Mgmt. Adm'rs*, 703 F.3d 835, 844-45 (5th Cir. 2013); *Kyle Rys. v. Pac. Admin. Servs.*, 990 F.2d 513, 516 (9th Cir. 1993) (third-party plan administrator whose functions were merely ministerial and relevant agreement required that the employer make final decisions was not a fiduciary); *Briglia*, 2005 U.S. Dist. LEXIS 18708, at *19 (third-party administrator that only undertook administrative and ministerial tasks was not a fiduciary).

Apparently recognizing their inability to plead MultiPlan's status as an ERISA fiduciary, Plaintiffs conclude that MultiPlan is a "Plan Administrator," without alleging a single fact to support this assertion. [FAC, Rec. Doc. 41, p. 7, ¶ 7]. But even if Plaintiff had alleged sufficient facts to make this allegation plausible, it still would not be sufficient to establish MultiPlan's status as a proper ERISA defendant, as the law clearly provides that only fiduciaries and the plan are the proper parties as defendants. *See Curcio*, at 223.

Plaintiffs' allegations against MultiPlan are simply not sufficient to state a viable claim because the FAC fails to allege facts that make it facially plausible that MultiPlan is the ERISA plan at issue or is a fiduciary of any ERISA plan. Therefore, because Plaintiffs did not (and cannot) demonstrate that MultiPlan falls into any of the enumerated categories of entities that are proper ERISA defendants, Plaintiffs' claims against MultiPlan fail as a matter of law and must be dismissed pursuant to Rule 12(b)(6).

**C.      Plaintiffs Fail To State A Claim For ERISA Violations.**

The FAC's first cause of action, "COUNT ONE - ERISA VIOLATIONS," contains the same deficiencies as Plaintiffs' original complaint. First, Plaintiffs have not shown that they are entitled to a substantive remedy for failure to provide full and fair review. Second, the responsibility to provide full and fair review rests with *the appropriate named fiduciary*, which MultiPlan is not. *See* 29 U.S.C. § 1133(2). Third, Plaintiffs fail to identify the specific plan provision that entitles each of the Plaintiffs to benefits.

*1.      Plaintiffs Are Not Entitled To A Substantive Remedy For Failure To Provide Full And Fair Review.*

Plaintiffs allege that MultiPlan implements "blanket" repricing policies that "globally" reduce all claim reimbursements to out-of-network providers, such as Plaintiffs, below what is required to be paid by "the Plan," and that this "global" repricing policy violates Defendants'

obligation to provide full and fair review of all claims pursuant to 29 U.S.C. § 1133 and 29 U.S.C. § 1132(a)(1)(B) and (a)(3). [FAC, Rec. Doc. 41, p. 17, ¶ 35]. However, it is well established that "a claimant who suffers because of a fiduciary's failure to comply with ERISA's procedural requirements is entitled to no substantive remedy." *Precopi v. Bankers Life & Gas Co.,* 2004 8.S. Dist. LEXIS 30425 (N.J. 2004) (citing *Parker v. BankAmerica Corp.,* 50 F.3d 757, 768–69 (9th Cir. 1995); *see also Shah v. Aetna,* 2017 U.S. Dist. LEXIS 104750; *Syed v. Hercules Inc.,* 214 F.3d 155 (3rd Cir. 2000). The remedy is to for the Court to remand the case to the plan administrator so the claimant gets the benefit of a full and fair review. *Syed, supra.* Plaintiffs do not seek a remand of the claim at issue to the plan administer in this litigation. Rather, Plaintiffs seek "injunctive and declaratory relief to remedy Defendants' continuing violation." [FAC, Rec. Doc. 41, pp. 19–20, ¶ 8]. As such, Plaintiffs seek a remedy that the law clearly forbids, and therefore, Plaintiffs' claim should be dismissed.

### 2. *The Duty To Provide Full And Fair Review Rests With The Plan's Named Fiduciary, Which Is Not MultiPlan.*

Even if Plaintiffs were entitled to a substantive remedy, MultiPlan is not a proper defendant for this claim, as the responsibility to provide full and fair review rests with *the appropriate named fiduciary*. *See* 29 U.S.C. 1133(2) (providing that every employee benefit plan shall afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review *by the appropriate named fiduciary* of the decision denying the claim)(emphasis added). MultiPlan is not a fiduciary, let alone a *named fiduciary*.

### 3. *Plaintiffs Fail To Identify A Specific Plan Provision That Entitles Each Of Them To Benefits.*

To state a claim under ERISA, Section 502(a)(1)(B), each plaintiff must demonstrate (1) his or her right to benefits that is legally enforceable against the plan, and (2) that the plan

improperly denied those benefits. *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 1420496, at *10 (D.N.J. March 22, 2018). Plaintiffs generally allege that MultiPlan improperly repriced claims below what the plans required. They attempt to support this claim by including examples of patients of Scordilis Chiropractic and other non-party providers whose claims were allegedly repriced below what their plan required. However, the FAC is devoid of any allegations that explain what provisions of the plans of patients treated by Plaintiffs would entitle Plaintiffs to benefits.

Courts in this Circuit have "dismissed denial of benefits claims for failure to allege the specific provision violated in an ERISA-governed plan." *Id.* (dismissing an ERISA claim because the plaintiffs failed to identify any specific plan provision entitling the plaintiffs to benefits); *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-552, 2015 U.S. Dist. LEXIS 82982 (D.N.J. June 25, 2015) (dismissing the plaintiff's claim because the plaintiff failed to point to any provision of the plan suggesting that he was entitled to benefits). Therefore, Plaintiffs' claim must be dismissed, as the FAC fails to identify any specific plan provision from which the Court could infer that Plaintiffs are entitled to recover plan benefits.

### D. **Plaintiffs Fail To State A Viable Claim For Violation Of Fiduciary Duties**.

Plaintiffs contend that "[a]s an ERISA fiduciary, Defendants," including MultiPlan, "owed […] their members in ERISA plans, and their providers," a duty of care and loyalty, and that the Defendants were required to "act in accordance with the documents and instruments governing the group plan" [FAC, Rec. Doc. 41, p. 20 ¶ 11] (citing 29 U.S.C. § 502(A)(2)&(3) and 29 U.S.C. § 1104(a)(1)(B)&(D)). According to Plaintiffs, MultiPlan violated its fiduciary duties by "engaging in arbitrary and capricious adverse claim determinations by improperly repricing out of network plan benefits below the rates required by the plans." [*Id.*]. To remedy this violation, Plaintiffs seek

"appropriate relief including declaratory and injunctive relief." [*Id.* at p. 23, ¶ b]. However, Plaintiffs fail to state a claim for violation, or breach, of fiduciary duties for the following reasons: (1) MultiPlan is not an ERISA fiduciary; and (2) Plaintiffs' claim for breach of fiduciary duties is duplicative of Plaintiffs' claim for ERISA violations.

To state a claim for breach of fiduciary duties against MultiPlan, a non-plan defendant, it is axiomatic that Plaintiffs first establish that MultiPlan is a fiduciary. *Miller v. Mellon Long Term Disability Plan*, 721 F. Supp. 2d 415, 426 (W.D. Pa. June 25, 2010). As discussed above, MultiPlan is not a fiduciary, as it does not perform any fiduciary functions nor is it named as a fiduciary. Rather, by Plaintiffs' own allegations, MultiPlan is a third party vendor that only performs purely ministerial tasks, such as repricing reimbursement rates as admitted by Plaintiffs in their FAC.

But even if Plaintiffs had alleged sufficient facts to establish MultiPlan's status as an ERISA fiduciary, the U.S. Supreme Court has held that ERISA § 502(a)(3) is a "safety net," or "catch-all" provision allowing for "appropriate equitable relief" for injuries for violations that § 502 does not elsewhere adequately remedy. *See Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996). Courts in this District have dismissed breach of fiduciary duty claims that were nearly identical to the plaintiffs' other claims, and where the relief sought were verbatim the same. *See, e.g., Precopio v. Bankers Life & Cas. Co.*, No. 01-5721, 2004 WL 5284512, at *31 (D.N.J. Aug. 10, 2004) (explaining that where a beneficiary seeks a remedy that is recoverable under other provisions of ERISA § 502, that individual cannot also seek the same remedy via a breach of fiduciary claim); *Cohen v. Indep. Blue Cross*, 820 F. Supp. 2d 594, 607 (D. N.J. Oct. 24, 2011) ("[t]he Third Circuit cautioned that it is improper to assert a breach of fiduciary claim when it is akin to a claim to enforce the terms of a benefit plan."); *Morely v. Avay, Inc. Long Term Disability Plan*, No. 04-409, 2006 U.S. Dist. LEXIS 53720 (D.N.J. Aug. 3, 2006) (dismissing

breach of fiduciary duty claim because the plaintiff did not claim any additional relief that she was not otherwise entitled to if she prevailed on her wrongful denial of benefits claim); *Cohen v. Prudential Ins. Co.*, No. 08-5319, 2009 U.S. Dist. LEXIS 71422 (E.D. Pa. Aug. 12, 2009) (dismissing breach of fiduciary duty claim because it was nearly identical and sought the same relief as the plaintiff's claim under ERISA § 1132(a)(1)(B)); *Greene v. Hartford Life & Acc. Ins. Co.*, No. 13-6033, 2014 U.S. Dist. LEXIS 12668 (E.D. Pa. Sept. 10, 2014) (dismissing breach of fiduciary duty claim where that claim and the plaintiff's claim under ERISA § 1132(a)(1)(B) were both based on a showing that the plaintiff's claim was wrongfully denied and sought the same relief).

Under Plaintiffs' ERISA violation claim, Plaintiffs seek injunctive and declaratory relief pursuant to ERISA § 1132(a)(1)(B) on the grounds that MultiPlan's "blanket policy and practice" globally reduces all claim reimbursements to out-of-network providers, including to Plaintiffs, to reimbursement rates below what is required to be paid by the Plan EOC/SPD provisions in violation of "ERISA's mandate of providing full and fair review of adverse determinations of claim submissions." [FAC, Rec. Doc. 41 p. 17, ¶ 35]. Plaintiffs also allege, under their second cause of action, that the implementation of MultiPlan's "blanket policy and practice" was a breach of Defendants' fiduciary duty, and seek injunctive and declaratory relief pursuant to ERISA § 1133(a)(3) to remedy such breach. [*Id.*]. In short, Plaintiffs' breach of fiduciary duty claim is identical to their first cause of action for ERISA violations, and the relief sought is the same. This is the precise type of pleading that courts have refused to entertain, and as such, Plaintiffs' claim for breach of fiduciary duties in Count Two should be dismissed.

E.      <u>**Plaintiffs Already Dismissed With Prejudice Their Claim Against MultiPlan For Statutory Penalties.**</u>

In Plaintiffs' third cause of action, "COUNT THREE: STATUTORY PENALTIES," Plaintiffs allege that "Defendants", (presumably, including MultiPlan) violated their obligations under §1024(b)(4) to provide requested plan documents within thirty (30) days of written request to the plan administrator for the Plan. [FAC, Rec. Doc. 41, p. 22, ¶ 19]. However, in Plaintiffs' Opposition to MultiPlan's Motion to Dismiss their original complaint, Plaintiffs stated that they "are not pursuing a claim for statutory penalties" against "Data iSight and MultiPlan and withdraw this count of the complaint against these defendants only." [Opposition, Rec. Doc. 26, p. 10]. On March 26, 2020, Plaintiffs and MultiPlan filed their Stipulation of Dismissal, which explained that the "claims asserted by Plaintiffs" against MultiPlan "in the Third Count of the Complaint" had been "amicably resolved between the parties." [Stipulation of Dismissal, Rec. Doc. 33]. The Court entered an Order dismissing Plaintiffs' claims for statutory penalties against MultiPlan on March 26, 2020. [Order on Stipulation, Rec. Doc. 34].

It is unclear whether Plaintiffs' now seek to reassert this claim against MultiPlan in their FAC, as Plaintiffs' have not expressly identified the defendants from which they seek statutory penalties. Out of an abundance of caution, MultiPlan adopts and incorporates its arguments contained in Section "E" of its Motion to Dismiss Plaintiffs' Original Complaint, [Rec. Doc. 22, pp. 16-19], as if fully set forth herein. For those reasons, Plaintiffs' third cause of action fails to state a claim upon which relief can be granted and should be dismissed as a matter of law.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants Data iSight and MultiPlan, Inc. respectfully request that this Court grant their Motion and dismiss Plaintiffs' First Amended Complaint in its entirety and with prejudice.

Dated:  November 4, 2020

By: */s/ Rachel R. Hager*
     Rachel R. Hager, Esq.
     FINAZZO COSSOLINI O'LEARY
     MEOLA & HAGER, LLC
     67 East Park Place, Suite 901
     Morristown, New Jersey 07960
     (973) 343-4960

     - and -

     Errol J. King. Esq.
     Katherine C. Mannino, Esq.
     PHELPS DUNBAR LLP
     II City Plaza
     400 Convention St., Ste. 1100
     P.O. Box 4412 (70821)
     Baton Rouge, Louisiana  70802
     (225) 346-0285

     ***Attorneys for Defendants MultiPlan, Inc., and Data iSight, Inc.***