**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASSOCIATION OF NEW JERSEY
CHIROPRACTORS, INC., et al.,

    *Plaintiffs*,

v.

DATA ISIGHT, INC., et al.,

    *Defendants*.

Civil Action No. 19-21973

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    Through this matter, Plaintiffs are attempting to stop Defendants allegedly improper practice of underbilling for chiropractic services that Plaintiffs provided to their patients. Presently before the Court are motions to dismiss the First Amended Complaint filed by the following Defendants: (1) Data ISight, Inc. and Multiplan, Inc. (together, the "Vendor Defendants"), D.E. 45; (2) Connecticut General Life Insurance Company, and Cigna Health and Life Insurance Company (together, the "Cigna Defendants"), D.E. 46; and (3) Aetna Health, Inc. and Aetna Health Insurance Co. (together, the "Aetna Defendants"), D.E. 47. Plaintiffs - the Association of New Jersey Chiropractors, Inc. ("ANJC"); Scordilis Chiropractic, PA ("Scordilis"); and Eric Loewrigkeit, DC ("Loewrigkeit") - collectively filed a single brief in opposition to the motions (D.E. 50), to which Defendants replied (D.E. 52, 53, 54).[1] The Court reviewed the parties'

---

[1] The Vendor Defendants' brief in support of their motion (D.E. 45-1) will be referred to as "Vendor Br."; the Cigna Defendants' brief in support of their motion (D.E. 46-1) will be referred to as "Cigna Br."; and the Aetna Defendants' brief in support of their motion (D.E. 47-1) will be referred to as "Aetna Br.". Plaintiffs' opposition (D.E. 50) will be referred to as "Plfs' Opp.". The Vendor Defendants' reply brief (D.E. 52) will be referred to as "Vendor Reply"; the Cigna

submissions and decides the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motions are **GRANTED in part** and **DENIED in part**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court set forth the factual background of this matter in its prior Opinion (the "Prior Opinion"), D.E. 39, which the Court incorporates by reference here. Accordingly, the Court writes primarily for the parties. Additional relevant facts are discussed in the Analysis section below.

Plaintiffs Scordilis and Loewrigkeit are licensed chiropractors, and the ANJC is a corporation that "promote[s] the chiropractic profession and the interests of chiropractors in the state of New Jersey."[2] FAC, Summ. of Plfs' Allegations ¶¶ 1-3.[3] Plaintiffs allege that the Cigna and Aetna Defendants hired the Vendor Defendants[4] to reprice insurance reimbursements made to Plaintiffs. Plaintiffs further allege that because of the repricing, they have been underpaid by the Cigna and Aetna Defendants for provided medical services, in contravention of ERISA plan documents. *Id.*, Repricing Issue ¶¶ 1-2, 6. Plaintiffs also maintain that the repricing, and the

---

Defendants' reply brief (D.E. 53) will be referred to as "Cigna Reply"; and the Aetna Defendants' reply brief (D.E. 54) will be referred to as "Aetna Reply".

[2] The factual background is taken from Plaintiffs' First Amended Complaint ("FAC"). D.E. 41. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in a complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Moreover, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, 624 (D.N.J. 2010) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

[3] The FAC does not have consecutively numbered paragraphs. As a result, citations to the FAC reference both a subheading and the paragraph within that subheading.

[4] The Vendor Defendants contend that Data ISight is a "patented proprietary service" that is owned by MultiPlan, not a separate legal entity. Vendor Br. at 5 n.1. Plaintiffs plead that Data ISight is a corporation. FAC, Summ. of Plfs' Allegations, ¶ 4. Because the Court must accept Plaintiffs' allegations as true, the Court treats the Vendor Defendants as separate entities.

Vendors Defendants delays reviewing appeals to pricing, violates state and federal law.[5]  *Id.* ¶ 3-5.

Plaintiffs filed suit on December 27, 2019, and sought a declaratory judgment stating that Defendants' repricing scheme violates the Employee Retirement Income Security Act of 1974 ("ERISA") and Defendants' fiduciary duties pursuant to ERISA.  Compl. ¶ 11, Claims ¶¶ 1-14, D.E. 1.  Defendants filed motions to dismiss, arguing that Plaintiffs lacked standing and failed to state a claim upon which relief could be granted.  D.E. 18, 21, 22.  On August 24, 2020, the Court granted in part and denied in part Defendants' motions to dismiss.  The Court, however, provided Plaintiffs with leave to file an amended complaint.  D.E. 39, 40.  Plaintiffs filed the FAC on September 21, 2020, and Defendants subsequently filed the instant motions to dismiss.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and

---

[5] The FAC makes passing reference to the New Jersey Prompt Pay Law and the Out-Of-Network Protection, Transparency, Cost Containment and Accountability Act in the factual allegations. FAC, Repricing Issue, ¶¶ 3, 5.  Neither of these statutes, however, appear in the claims section of the FAC.  Consequently, it appears that Plaintiffs are only asserting claims based on Defendants' alleged violations of ERISA.

legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

#### A. Standing

Defendants contend that the ANJC lacks associational standing to bring claims on behalf of its members. *See, e.g.*, Cigna Br. at 11-13. As discussed in the Prior Opinion, an association may assert claims on its members' behalf "when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Franco v. Conn. Gen. Life Ins. Co.*, 647 F. App'x 76, 82 (3d Cir. 2016) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 342 (1977)). In the Prior Opinion, the Court concluded that the ANJC lacked associational standing. Specifically, the Court determined that Plaintiffs failed to plead that the ANJC's members have valid assignments of benefits, which is necessary to assert the ERISA claims here, and that to litigate this matter, individual participation from the ANJC's members would be required. Opinion at 7-8. Defendants contend that the FAC fails to remedy these shortcomings. *See, e.g.*, Cigna Br. at 11-13.

Generally, only a participant or beneficiary under a plan has standing to bring an ERISA claim. 29 U.S.C. § 1132(a)(1). The ANJC's individual members are licensed chiropractors. FAC, Summ. of Plfs' Allegations, ¶ 1. Its members are healthcare providers, not plan participants or beneficiaries. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). A healthcare provider nevertheless may have standing to assert an

4

ERISA claim if there is a valid assignment of benefits ("AOB"). *See Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018) (citing *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015)). Plaintiffs plead that "a vast majority of ANJC members have accepted assignment of benefits from at least one or more patients" that are Aetna or Cigna plan participants. FAC, Summ. of Plfs' Allegations, ¶ 1. Accordingly, Plaintiffs indicate that not every member of the ANJC has standing to sue in their own right by virtue of an AOB. Plaintiffs, therefore, fail to establish the first prong of the associational standing test. *See King v. GNC Franchising, Inc.*, No. 04-5125, 2006 WL 3019551, at *10 (D.N.J. Oct. 23, 2006) (concluding that association lacked standing to bring suit on behalf of its members because it could not "demonstrate that each and every one of its members has standing to bring the claims").

Plaintiffs again rely on *Chiropractic Alliance of New Jersey v. Parisi*, 854 F. Supp. 299 (D.N.J. 1994). Plfs. Opp. at 11-12. In *Parisi*, the court determined that it was sufficient for the plaintiff association to plead that at least some of its members were injured and others were at risk of being injured. The parties, however, agreed that "only some, and not all, of Plaintiff's members need have suffered individual injuries in order for Plaintiff to have standing," and that through discovery, the parties could determine who suffered specific injuries. *Parisi*, 854 F. Supp. at 307-08. There is, however, a material difference between ascertaining whether a party is injured and whether a party can legally assert a claim in the first instance. Accordingly, *Parisi* does not support Plaintiffs' argument. Thus, Plaintiffs fail to plausibly allege that all ANJC members have standing to assert ERISA claims. As a result, the ANJC cannot satisfy the first requirement of associational standing. *See In re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *12 (D.N.J. June 30, 2015) (concluding that association plaintiff failed to establish standing because it was not clear that each member had a valid proof of assignment).

Plaintiffs also fall short as to the third prong of the associational standing test. Plaintiffs argue that the ANJC's individual members' participation is unnecessary because the allegations pertain to the Vendor Defendants' "global repricing activities." FAC, Summ. of Plfs' Allegations, ¶ 1. Plaintiffs, however, fail to address the fact that there are different ERISA plans at issue, containing different billing requirements for out-of-network chiropractic care. *Compare, e.g.*, FAC, Repricing Issue, ¶ 6 *with* ¶ 11 (discussing two summary plan documents with different terms). In addition, Plaintiffs' requested remedy is not limited to injunctive relief. For example, Plaintiffs seek statutory penalties pursuant to 29 U.S.C. § 1024(b)(4). FAC, Count Three, ¶¶ 15-19. Even assuming that each ANJC member has valid assignments from their patients, the Court will likely need to consider multiple plans - which must be provided by individual members - to appropriately analyze the claims at issue here.

For the foregoing reasons, Plaintiffs fail to establish that the ANJC has associational standing. Defendants' motion to dismiss is granted on these grounds.

Turning to the Individual Plaintiffs, Scordilis and Loewrigkeit, Aetna contends that both lack standing as to Aetna because neither Plaintiff had an AOB from a patient with an Aetna plan. Aetna Br. at 4. Cigna similarly argues that Loewrigkeit lacks standing to assert claims against it because the FAC does not plead that Loewrigkeit had an AOB from a patient with a Cigna plan. Cigna Br. at 14. The FAC indicates that Scordilis and Loewrigkeit "accept[] assignment of benefits from their patients that are Cigna and/or Aetna subscribers." FAC, Summ. of Plfs' Allegations, ¶¶ 2-3. The FAC, however, goes on to discuss specific allegations that only pertain to Scordilis's patients with Cigna plans and other providers. *See, e.g., id.*, Repricing Issue, ¶¶ 6-9, 28-30. The only specific mention of an Aetna plan pertains to a patient of an ANJC member. *Id.* ¶¶ 21-25. But, as discussed, the ANJC lacks standing to assert claims on behalf of its members.

Consequently, Plaintiffs fail to allege sufficient facts demonstrating that either Individual Plaintiff had an AOB from a patient with an Aetna plan or that Loewrigkeit had an AOB from a patient with a Cigna plan. Scordilis has not established his standing to bring claims as to Aetna, and Loewrigkeit's has not shown that he has standing to bring claims as to Aetna or Cigna. Aetna and Cigna's motions, therefore, are also granted on these grounds.

Because Cigna and the Vendor Defendants do not challenge Scordilis's standing to assert claims as to them, the Court turns to these Defendants' additional arguments for dismissal. Plaintiffs do not address Defendants' remaining arguments for dismissal in their opposition brief.

### B. Vender Defendants as a Fiduciary

The Vendor Defendants seek to dismiss the FAC in its entirety, asserting that they are not proper Defendants. Vendor Br. at 12-14. Section 502(a) only permits suits against the plan as an entity and as to fiduciaries of the plan. Under ERISA, a fiduciary is any person who

> (i) [] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) [] renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) [] has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). ERISA defines a fiduciary "in functional terms of control and authority over the plan," or in other words, in terms of who performs particular functions. *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 413 (3d Cir. 2013). Further, "[t]he definition of a fiduciary under ERISA is to be broadly construed." *Id.* As a result, courts frequently conclude that "the determination of whether a person is a fiduciary is fact-based, and cannot be determined in a motion to dismiss." *Drzala v. Horizon Blue Cross Blue Shield*, No. 15-8392, 2016 WL 2932545, at *5 (D.N.J. May 18, 2016). Nevertheless, the Vendor Defendants contend that they

7

are a third-party vendor that solely performed ministerial tasks. Vendor Br. at 12-13. "[P]ersons who perform purely ministerial tasks, such as claims processing and calculations, cannot be fiduciaries because they do not have discretionary roles." *Confer v. Custom Eng'g*, 952 F.2d 34, 39 (3d Cir. 1991); *see also* 29 C.F.R. § 2509.75-8 (listing examples of ministerial functions that do not amount to a fiduciary role, including calculation of benefits and processing claims).

Plaintiffs plead that Defendants collectively "interpret and apply the plan terms" and "make[] all coverage decisions." FAC, Overview, ¶ 6. Plaintiffs also assert that the Vendor Defendants are third-party vendors. *Id.*, Summ. of Plfs' Allegations, ¶¶ 4-5; Repricing Issue, ¶ 1. Moreover, throughout the FAC, Plaintiffs plead that Cigna or Aetna made the coverage determination and that the Vendor Defendants processed the claims. *See, e.g., id.*, ¶ 12 (stating that Cigna determined the amount and then sent the claim to Data ISight); ¶ 14 (same); ¶ 21 (pleading that Aetna denied the claim). Notwithstanding Plaintiffs' general allegation that all Defendants made coverage decisions, the specific allegations suggest otherwise. Plaintiffs fail to plausibly assert that the Vendor Defendants had discretionary authority to make decisions as to coverage. Instead, Plaintiffs' allegations demonstrate that the Vendor Defendants filled a ministerial role. *See Caivano v. Prod. Workers Union Local 148 Welfare Fund*, No. 18-1908, 2018 WL 7858655, at *10 (D.N.J. Nov. 21, 2018) (granting motion to dismiss because "[n]othing in the complaint establishes that [the Defendant] was anything more than a claims processor, acting at the direction of Local 1931"). The FAC, therefore, lacks allegations demonstrating that the Vendor Defendants are ERISA fiduciaries. The Vendor Defendants' motion is granted on these grounds.

### C. Counts One and Two

In Count One, Plaintiffs allege that Defendants failed to provide a full and fair review of the denied claims, as required by Sections 502 and 503 of ERISA, 29 U.S.C. §§ 1132 and 1133. FAC, Claims, ¶¶ 1-8. In Count Two, Plaintiffs allege that they are entitled to declaratory relief due to Defendants' breach of their fiduciary duties pursuant to Section 502(a)(3). *Id.*, ¶ 14. Cigna seeks to dismiss Counts One and Two, to the extent that Plaintiffs plead a claim pursuant to Section 502(a)(3), as duplicative of Plaintiffs' claims under Section 502(a)(1)(B). Cigna Br. at 14-15, 17.

Section 502(a)(1)(B) provides a plaintiff with the right "to recover benefits due to him under the terms of his plan, [and] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Laufenberg v. Ne. Carpenters Pension Fund*, No. 17-1200, 2019 WL 6975090, at *10 (D.N.J. Dec. 18, 2019) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987)). Section 502(a)(3) is considered a "catchall" provision that provides equitable relief. Among other things, Section 502(a)(3) may provide relief for a "breach of the statutorily created fiduciary duty of an administrator." *Id.* (quoting *Hocheiser v. Liberty Mut. Ins. Co.*, No. 17-6096, 2018 WL 1446409, at *5 (D.N.J. Mar. 23, 2018)). Although some courts dismiss Section 502(a)(3) claims that are duplicative of a Section 502(a)(1)(B) claim at the motion to dismiss stage, *see, e.g.*, *id.*, the Court will not do so at this time. *See Shah v. Aetna*, No. 17-195, 2017 WL 2918943, at *2 (D.N.J. July 6, 2017) (concluding that dismissing Section 502(a)(3) claims as duplicative "is not appropriate at this early procedural stage"). Cigna's motion is denied on these grounds.

Cigna also seeks to dismiss Plaintiffs' Section 503 claim in Count One because there is no private right of action. Cigna Br. at 16; Vender Br. at 14-15. There is no private right of action

for monetary relief pursuant under Section 503. Rather, "the remedy for a violation of § 503 is to remand to the plan administrator so the claimant gets the benefit of a full and fair review." *Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000). Here, Plaintiffs largely seek declaratory and injunctive relief but do not ask for any claim to be remanded for full review. Accordingly, because Plaintiffs fail to seek the only relief that is permissible under Section 503, Count One is dismissed to the extent it is premised on a violation of Section 503. *See Shah*, 2017 WL 2918943, at *3 ("Dr. Shah's requested relief, equitable though it may be, is not available for a violation of [§ 503's regulations]."). Cigna's motion is granted on these grounds.

### D. Count Three

In Count Three, Plaintiffs seek statutory penalties pursuant to 29 U.S.C. § 1024(b)(4) because of Cigna's failure to provide requested plan documents. FAC, Claims, ¶¶ 15-19. Section 104(b)(4) provides that "the administrator shall, upon written request, furnish a copy of the latest updated summary, plan description, . . . or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Section 502(c)(1) permits statutory damages if an administrator fails to comply with such a written request. 29 U.S.C. § 1132(c)(2). Accordingly, "only the Plan Administrator can be liable for statutory penalties for failing to provide the Plan Documents." *Malishka v. MetLife*, 639 F. App'x 788, 791 (3d Cir. 2015). An administrator includes "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A). Cigna, however, is not a Plan Administrator under any of the plans for which Plaintiffs claim that they sought documents. *See* Taylor Cert., Ex. 1 at 65; Ex.

2 at 52; Ex. 3 at 52.[6]  As a result, Plaintiffs cannot state a claim as to Cigna for the alleged violation of Section 104(b)(4).  Cigna's motion to dismiss is granted on these grounds.

## IV.     CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (D.E. 45, 46, 47) are **GRANTED in part** and **DENIED in part**.  The dismissed claims are dismissed without prejudice and Plaintiffs are provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein.  An appropriate Order accompanies this Opinion.

Dated: June 9, 2021

                                                                     John Michael Vazquez, U.S.D.J.

---

[6] The Cigna Defendants maintain that the Court can rely on pertinent plan documents because they are integral to the Complaint.  *See* Cigna Br. at 9 n.6.  Plaintiffs do not appear to disagree.  Because Plaintiffs' allegations pertain to appropriate payment to out-of-network providers and Cigna's obligations pursuant to ERISA plans, the Court concludes that the plan documents are integral.  Accordingly, the Court considers the relevant plan documents.