# EXHIBIT A

2010 WL 936199
United States District Court, D. New Jersey.

Heriberto DURAN and
Maria S. Duran, Plaintiffs,
v.
EQUIFIRST CORP., Carteret Mortgage Corp., Jon Cantor, Smartertitle .com, LLC, BSI Financial Services, Inc., John Does Nos. 1–12, ABC Corp. Nos. 1–10, Defendants.

Civil Action No. 2:09–cv–03856.
|
March 12, 2010.

**Attorneys and Law Firms**

David H. Kaplan, Tobias & Kaplan, Perth Amboy, NJ, for Plaintiffs.

OPINION

*MEMORANDUM OPINION ADDRESSING DEFENDANT BSI'S MOTION TO DISMISS*[1]

WILLIAM J. MARTINI, District Judge.

**I. INTRODUCTION**

 **\*1** Heriberto and Maria S. Duran, ("Plaintiffs"), filed a Complaint against five named Defendants and two sets of fictitious defendants alleging that Plaintiffs were fraudulently induced to execute a loan for their property located at 643 Atlantic Avenue, Perth Amboy, New Jersey, 08861 ("Perth Amboy property"). Defendants Equifirst Corporation, ("Equifirst"), and BSI Financial Services Inc., ("BSI"), have filed motions to dismiss the Complaint. In a separate memorandum opinion and order, the Court granted Equifirst's Motion. The Court, for the reasons elaborated below, will **GRANT** BSI's motion.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiffs allege that they are the owners of the Perth Amboy property. They were solicited by Carteret Mortgage Corporation, ("CMC"), and its employee, Jon Cantor, over the phone to execute a mortgage for a lower fixed rate. Much of the loan process took place over the phone. Plaintiffs claim they were to receive a 40 year fixed rate mortgage at a lower rate. However, the Truth–in–Lending statement provided to the Plaintiffs "inaccurately stated the interest rate, total number of possible adjustments, amount financed and total payment." The Plaintiffs claim they were never notified by Mr. Cantor, the mortgage broker, that there were changes to the loan making it different from what was discussed with him originally. The closing occurred on or about December 18, 2006, and the Plaintiffs "executed a Note with an adjustable rate loan at an initial interest rate of 9.55% in the amount of $299,200.00 and due in 30 years, as well as a mortgage to secure payment of the Note ." Compl. ¶ 21, (Doc. No. 1). Equifirst is the assignee of the mortgage and note; BSI is the current servicer of the loan.

Plaintiffs allege that they received an adjustable rate loan, not the fixed rate loan that had been discussed. The Plaintiffs further allege that the refinanced loan was not necessary to make a "balloon payment" or to avoid foreclosure on the pre-existing loan. *Id.* ¶ 31. The Plaintiffs allege that the refinanced loan has not resulted in lower monthly payments or a shorter loan term. In sum, the Plaintiffs argue that the Defendants engaged in "predatory tactics," failed to provide proper disclosure documents, provided documents that were false and misleading, failed to classify the loan as "high cost" as required by statute, charged the Plaintiffs for services never provided, and that the Defendants never provided what was promised to Plaintiffs, namely a lower interest rate mortgage. *Id.* ¶ 23. Moreover, Defendants failed to notify Plaintiffs of changes reflected in the loan documents from what had been previously agreed to. Indeed, Plaintiffs allege that they only "realized that their loan was altered from the broker's promise" at the time the note adjusted [the] monthly payments. *Id.* ¶ 20.

The refinance occurred on December 18, 2006. The Plaintiffs initiated this action in New Jersey Superior Court on June 23, 2009. It was removed on August 4, 2009.

## III. STANDARD OF REVIEW

*2 The Defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008) (quoting Twombly, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir.2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Coll. Athletic Ass'n, 288 F.3d 548, 560 (3d Cir.2002).

## IV. ANALYSIS

Plaintiffs bring a 15 count complaint, including: Count I—Violations of the Truth–in–Lending Act ("TILA"); Count II—Violations of the New Jersey Consumer Fraud Act ("NJ Fraud"); Count III—Violations of the New Jersey RICO Statute; Count IV—Common Law Fraud; Count V—Unconscionability; Count VI—Negligence; Count VII—Unjust Enrichment; Count VIII—Breach of Contract; Count IX—Violations of the Real Estate Settlement Procedures Act ("RESPA"); Count X—Negligence by the Settlement Agent and other Defendants; Count XI—Breach of Fiduciary Duty; Count XII Violations of the Duty of Good Faith and Fair Dealing; Count XIII—Violations of the New Jersey Law Against Discrimination ("NJLAD"); Count XIV—Violations of the New Jersey Home Ownership Security Act ("HOSA"); and Count XV—Violations of the Home Ownership and Equity Protection Act ("HOEPA"). BSI asserts a variety of defenses which this memorandum addresses.

### A. Counts Waived By Plaintiffs

*3 In its opening brief, BSI made substantive arguments to dismiss each of the fifteen counts of the Complaint. Plaintiffs' opposition to Equifirst's opening brief, (Doc. No. 18 & Doc. No. 19), did not respond in any fashion to seven of the fifteen counts, including: Count II—Violations of the New Jersey Consumer Fraud Act ("NJ Fraud"); Count IV—Common Law Fraud; Count V—Unconscionability; Count VII—Unjust Enrichment; Count VIII—Breach of Contract; Count XII Violations of the Duty of Good Faith and Fair Dealing; Count XIV—Violations of the New Jersey Home Ownership Security Act ("HOSA"). These causes of actions have been waived. *See Aiellos v. Zisa,* Civil Action No. 2:09–3076, 2010 U.S. Dist. LEXIS 8613, at *12, 2010 WL 421084 (D.N.J. Feb. 2, 2010).

Plaintiff responded in some limited fashion to the remaining eight counts. (Counts I, III, VI, IX, X, XI, XIII, and XV.) In regard to Count VI—Negligence, and Count X—Negligence by the Settlement Agent and other Defendants, BSI asserted a variety of defenses: For both of these causes of action, BSI asserted both a statute of limitations of defense and *another* defense: i.e., that BSI did not owe any duty grounded in negligence to Plaintiffs. In regard to these counts, the

Plaintiffs only responded to the statute of limitations defense, but not to BSI's *other* argument. The absence of argument constitutes waiver in regard to the issue left unaddressed, and that waives the individual counts themselves. *Cf. Aiellos,* Civil Action No. 2:09–3076, 2010 U.S. Dist. LEXIS 8613, at *12, 2010 WL 421084.

### B. Counts Grounded in Negligence

In regard to Count XI—Breach of Fiduciary Duty, BSI argues that it is not Plaintiffs' fiduciary and therefore this count should be dismissed. Further, BSI argues it "had no duty to protect Plaintiffs from entering into a mortgage loan that had originated and closed before [BSI] even knew it existed." The Plaintiffs respond that there "may" have been a fiduciary relationship between BSI and Plaintiffs. However, the fact that there *may* have been a relationship does not mean that there was one. Under *Twombly,* it appears that Plaintiffs must actually allege a relationship existed; "may" is not enough. 550 U.S. at 555. Moreover, as other courts have explained, creditor-debtor relationships "rarely are found to give rise to a fiduciary duty." *Paradise Hotel Corp. v. Bank of Nova Scotia,* 842 F.2d 47, 53 (3d Cir.1988). Exceptions to this principle have only been carved out where "special circumstances" are present. *United Jersey Bank v. Kensey,* 306 N.J.Super. 540, 704 A.2d 38 (N.J.Super.Ct.1997). In *United Jersey Bank,* the court described "special circumstances" to be situations where "the lender encouraged the borrower to repose special trust or confidence in its advice, thereby inducing the borrower's reliance." *Id.* at 45. Here, the Plaintiffs fail to allege any "special circumstances" in support of this claim, therefore Count XI—Breach of Fiduciary Duty against BSI will also be dismissed.

### C. Statute of Limitations

*4 Plaintiffs concede that Count I—Truth–in–Lending Act ("TILA"); Count VI—Negligence; Count IX—Real Estate Settlement Procedures Act ("RESPA"); Count X—Negligence by the Settlement Agent and other Defendants; and Count XV—Home Ownership and Equity Protection Act ("HOEPA") are barred by their individual statutes of limitations, at least, as to any claim for damages.[2] Opposition Brief 2 ("Plaintiffs concede that the statute of limitations for these claims has passed."). However, Plaintiffs argue that pursuant to the discovery rule and the equitable tolling doctrine these claims should not be dismissed. The Court has already adjudicated this issue in Equifirst's motion to dismiss, and for the reasons stated in the Court's opinion on that motion, the Court dismisses these claims notwithstanding the discovery rule and equitable tolling.

### D. Count XIII—New Jersey Law Against Discrimination ("NJLAD")

In regard to the NJLAD Count, BSI argues that Plaintiffs have failed to meet the *Twombly* standard. This seems correct. Plaintiffs' Complaint formulaically recites that Defendants' conduct was "discriminatory and retaliatory" and that Plaintiffs are "member[s] of a protected class," without specifying what protected class to which they belong (racial or otherwise) or how Defendants' lending practices were discriminatory or retaliatory. In its opposition brief, Plaintiffs again state formulaically: "the discriminatory act was the issuance of the mortgage loan." Plaintiffs' Complaint fails to put the Defendants on sufficient or meaningful notice of the discrimination claim Plaintiffs seek to vindicate. Fed.R.Civ.P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

### E. Count III—New Jersey RICO ("NJRICO")

BSI argues that the NJRICO claim should be dismissed under Rule 12(b)(6) and *Twombly.* The Court agrees. Paragraph 86 of the Complaint lists the predicate acts associated with the RICO claim. The six predicate acts listed are defective under the group pleading doctrine. Compl. ¶ 86[a-f]. Each alleged predicate act is generally alleged to have been committed by every Defendant in this action, as opposed to alleging which particular Defendant (including BSI) committed which particular predicate act. *See, e.g., Gross v. Waywell,* 628 F.Supp.2d 475, 495 (S.D.N.Y.2009) ("Thus, the pleadings do not indicate individually which of the three defendants actually engaged in the particular predicate acts of mail or wire fraud offenses that Plaintiffs allege constitutes a pattern of racketeering. Such 'group pleading' does not comply with the requirements of RICO or the particularity standards of Rule 9(b) ."). The Court does not doubt

that this requirement applies equally to New Jersey RICO. *See, e.g., State v. Ball,* 141 N.J. 142, 661 A.2d 251 (N.J.1995). Moreover, on inspection of the six alleged predicate acts, it appears that they are tied to the loan's negotiation, origination, and closing. BSI, by contrast, is the current servicer of Plaintiffs' 2006 loan. It is not explained how BSI is tied to any of the predicate acts.

**V. CONCLUSION**

**\*5** For the reasons elaborated above, the Court **GRANTS** BSI's motion to dismiss, (Doc. No. 6). BSI is terminated from this action.

An appropriate order accompanies this memorandum opinion.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 936199, RICO Bus.Disp.Guide 11,829

Footnotes

1   For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein may be inserted. No endorsement of any provider of electronic or other resources is intended by the Court's practice of using hyperlinks.

2   Plaintiffs also seek rescission as a remedy. A rescission remedy under TILA and HOEPA has a three year statute of limitations, under which Plaintiffs' Complaint would be timely, in least in regard to that remedy. However, BSI is only the servicer of the loan. It is difficult to imagine that the Court could order rescission of the loan absent Equifirst, the holder or assignee of the loan. Equifirst has already been terminated from this action. Therefore the rescission remedy, with its longer statute of limitations, is moot.

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

Case 2:19-cv-21973-JMV-JBC   Document 86-2   Filed 09/17/21   Page 6 of 8 PageID: 1551

Griglak v. CTX Mortg. Co., LLC, Not Reported in F.Supp.2d (2010)
2010 WL 1424023

2010 WL 1424023
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, D. New Jersey.

Adam J. GRIGLAK, et al., Plaintiffs,
v.
CTX MORTGAGE COMPANY, LLC, et al., Defendants.

Civil Action No. 09–5247 (MLC).
|
April 8, 2010.

**Attorneys and Law Firms**

David H. Kaplan, Tobias & Kaplan, Perth Amboy, NJ, for Plaintiffs.

Bradley L. Mitchell, Stevens & Lee, PC, Lawrenceville, NJ, for Defendants.

**MEMORANDUM OPINION**

COOPER, District Judge.

**\*1** The plaintiffs, Adam J. Griglak and Janell P. Griglak ("plaintiffs"), originally brought this action in New Jersey Superior Court on June 2, 2009. (Dkt. entry no. 1, Notice of Removal, Ex. 1, Compl.) The defendants, CTX Mortgage Company, LLC ("CTX") and Debbie Donnelly ("defendants"), removed the action to this Court on October 14, 2009. (Notice of Removal.) The plaintiffs allege violations of the Truth In Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), as well as several state law claims. (Compl.) The defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. entry no. 4, Mot. to Dismiss.) The plaintiff opposes the motion. (Dkt. entry no. 5, Pl. Br.) The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will grant the part of the motion concerning the TILA and RESPA claims, and (2) remand the state law claims.

**BACKGROUND**

The plaintiffs' claims stem from two loans they obtained from CTX in connection with the purchase of their home in 2006. (Compl. at 4–5; Pl. Br. at 2.) They alleged thirteen separate causes of action stemming from these loans. (Compl.) The plaintiffs allege, with respect to the TILA claim, that the defendants "violated TILA by either failing to provide plaintiffs with a timely and adequate Notice of Right to Cancel the loans[,] and/or by providing them with inaccurate and/or conflicting loan documents[,] and/or by making false promises and representations which interfered with plaintiffs' ability to assess the transactions[,] and/or not providing them with required timely Adjustable Rate Mortgage Brochure and the other detailed [Adjustable Rate Mortgage] information." (Compl. at 10.) They further allege that the defendants violated TILA by failing to include certain charges imposed in the finance charge, improperly disclosing the amount financed, charging excessive fees, and giving them contradictory and misleading information about the loans. (*Id.* at 10–11.) They state that they did not realize that the mortgage was different than what they had been promised until after closing. (*Id.* at 6.) The plaintiffs seek damages and rescission of the mortgage transaction for the alleged TILA violations. (*Id.* at 12–13.)

The plaintiffs further allege violations of RESPA in that the defendants accepted fees for work they did not perform, the costs and fees at closing exceeded those listed on the good faith estimates, and the RESPA Statement was deficient and improper. (*Id.* at 20–21.) The plaintiffs also allege eleven additional state law claims including violations of, *inter alia,* the New Jersey Consumer Fraud Act, common law fraud, unconscionability, two counts of negligence, breach of contract, breach of fiduciary duty, and the New Jersey Law Against Discrimination. (*Id.* at 13–19, 21–24.)

**DISCUSSION**

**I. 12 (b)(6) Standard**
**\*2** In addressing a motion to dismiss a complaint under Rule 12(b) (6), the Court must "accept all factual allegations as true, construe the complaint in the light

Case 2:19-cv-21973-JMV-JBC Document 86-2 Filed 09/17/21 Page 7 of 8 PageID: 1552

Griglak v. CTX Mortg. Co., LLC, Not Reported in F.Supp.2d (2010)
2010 WL 1424023

most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008). At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'—that the 'pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

**II. Truth In Lending Act**

TILA requires lenders to provide borrowers with specified written disclosures addressing certain terms of their loans. *See* 15 U.S.C. § 1638. "Regulation Z" outlines the material disclosures that lenders must make "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). The lender is required to disclose certain details concerning the:

> (a)Creditor; (b) Amount financed; (c) Itemization of amount financed; (d) Finance charge; (e) Annual percentage rate; (f) Variable rate; (g) Payment schedule; (h) Total of payments; (i) Demand feature; (j) Total sale price; (k) Prepayment; (l) Late payment; (m) Security Interest; (n) Insurance and debt cancellation; (o) Certain security interest charges; (p) Contract reference; (q) Assumption policy; and (r) Required deposit.

*Id.* at § 226.18.

The lender is required to "make disclosures before consummation of the transaction." *Id.* at § 226.17(b). A lender's failure to accurately provide any of the "material disclosures" under Regulation Z extends the borrower's right to rescind the loan beyond the standard three business days after closing. *Id.* at § 226.23(a)(3). However, if "a disclosure becomes inaccurate because of an event that occurs after the creditor delivers the required disclosures, the inaccuracy is not a violation" of Regulation Z. *Id.* at § 226.17(e).

A plaintiff alleging a violation of TILA may bring an action for both rescission and damages. Claims for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Claims for rescission "expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). The right to rescission does not apply to residential mortgage transactions. 15 U.S.C. § 1635(f).

**III. Real Estate Settlement Procedures Act**

*\*3* "RESPA is designed to ensure that consumers are made aware of settlement procedures and costs by imposing certain disclosure requirements, and to eliminate kickbacks and referral fees that increase the cost of the settlement process." *Patetta v. Wells Fargo Bank,* No. 09–2848, 2009 WL 2905450, at \*5 (D.N.J. Sept. 10, 2009) (citation omitted). It provides a one-year statute of limitations for claims brought pursuant to 12 U.S.C. §§ ("Sections") 2607 and 2608 and a three-year statute of limitations for claims seeking relief under Section 2605. 12 U.S.C. § 2614.

**IV. Current Motion**

**A. Federal Claims**

The defendants move to dismiss the TILA claim for damages arguing that it is barred by the statute of limitations. (Dkt. entry no. 4, Def. Br. at 5.) They move to dismiss the TILA claim for rescission as rescission under TILA is not available for residential mortgage transactions like that of the plaintiffs. (*Id.* at 6.) They further move to dismiss the RESPA claim as being barred by the statute of limitations. (*Id.* at 21.)

The plaintiffs do not contest that the limitations periods bar the federal claims, but argue that the Court should equitably toll these periods rather than dismiss the TILA and RESPA claims. (Pl. Br. at 2.) The plaintiffs state that they were unaware of the illicit nature of their

Case 2:19-cv-21973-JMV-JBC Document 86-2 Filed 09/17/21 Page 8 of 8 PageID: 1553

Griglak v. CTX Mortg. Co., LLC, Not Reported in F.Supp.2d (2010)
2010 WL 1424023

mortgage loan until March 2009, and thus the Court should toll the statute of limitations. (*Id.*) The plaintiffs do not oppose the part of the motion seeking to dismiss the TILA rescission claim. (*See generally* Pl. Br.)

The Court will first dismiss the TILA claim seeking rescission of the mortgage transaction. The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count. See *Duran v. Equifirst Corp.,* No. 09–3856, 2010 WL 918444, at *3 (D.N.J. Mar. 12, 2009) (dismissing eleven counts of a complaint because plaintiff waived those counts by failing to respond to the defendant's motion to dismiss those counts).

The Court will also grant the defendants' motion as it seeks to dismiss the RESPA claim and the TILA claim for damages. "[E]quitable tolling is appropriate (1) where the defendant has actively misled the plaintiff respecting the ... cause of action, (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Taggart v. Norwest Mortgage, Inc.,* No. 09–1281, 2010 WL 114946, at *3 (E.D.Pa. Jan.11, 2010). "A party seeking tolling must also demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims." *Marangos v. Swett,* No. 07–5937, 2008 WL 4508542, at *5 (D.N.J. Sept.29, 2008) (citation omitted). "Absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only where an adversary's misconduct prevents a claimant from filing within the limitations period." *Duran,* 2010 WL 918444, at *3 (citation omitted).

 *4  The plaintiffs here have failed to allege sufficient facts to support equitably tolling the statute of limitations. The plaintiffs' only argument to support tolling the limitations period is that they were not aware of the illicit nature of their mortgage loan until a date within the limitations period. (Pl. Br. at 3.) They do not allege that they were prevented in an extraordinary way from asserting their rights, that they timely asserted their rights in another forum, or that the defendants actively misled them regarding this cause of action. They also fail to allege that they exercised reasonable diligence in investigating and bringing their claims. See *Duran,* 2010 WL 918444, at *4 (declining to equitably toll RESPA and TILA limitations period). In *Duran,* the Court stated that even though the plaintiffs had alleged they were given inaccurate loan documents, "that alone does not excuse them from exercising the reasonable insight and diligence required to pursue their claims." *Id.* The Court dismissed the plaintiff's complaint therein and denied equitable tolling because the plaintiffs failed to allege specific facts that would support tolling the period of limitations. *Id.*

**B. State Law Claims**
The defendants removed the action to this Court pursuant to 28 U.S.C. § 1331. The Court will not exercise supplemental jurisdiction over the state law claims in view of the impending dismissal of the federal claims. See 28 U.S.C. § 1367(c)(3) (authorizing same). The Court will thus remand the plaintiffs' state law claims to state court.

**CONCLUSION**

The Court, for the reasons stated *supra,* will grant the part of the motion concerning the TILA and RESPA claims and remand the state law claims.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 1424023

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2021 Thomson Reuters. No claim to original U.S. Government Works.  3