**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY CHIROPRACTORS, INC., et al., *Plaintiffs*, v. DATA ISIGHT, INC., et al., *Defendants*. | Civil Action No. 19-21973 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

    Through this matter, Plaintiffs are attempting to stop Defendants' allegedly improper practice of underpaying for chiropractic services that Plaintiffs provided to out-of-network patients. Presently before the Court are motions to dismiss the Second Amended Complaint filed by the following Defendants: (1) Aetna Health, Inc. and Aetna Health Insurance Co. (together, the "Aetna Defendants"), D.E. 70; (2) Connecticut General Life Insurance Company, and Cigna Health and Life Insurance Company (together, the "Cigna Defendants"), D.E. 71; and (3) Data ISight, Inc. and Multiplan, Inc. (together, the "Vendor Defendants"), D.E. 73. Plaintiffs -- Scordilis Chiropractic, PA ("Scordilis"); Eric Loewrigkeit, DC ("Loewrigkeit"); Navesink Chiropractic Center ("Navesink"); and Edward Stivers, DC ("Stivers") -- collectively filed briefs in opposition to the motions (D.E. 74, 76, 87), to which Defendants replied (D.E. 84, 85, 86, 88).[1]

---

[1] The Aetna Defendants' brief in support of their motion (D.E. 70-1) will be referred to as "Aetna Br."; the Cigna Defendants' brief in support of their motion (D.E. 71-1) will be referred to as "Cigna Br."; and the Vendor Defendants' brief in support of their motion (D.E. 73-1) will be referred to as "Vendor Br.". Plaintiffs' opposition to the Cigna Defendants' motion (D.E. 74) will be referred to as "Plfs' Cigna Opp." and Plaintiffs' opposition to the Vendor Defendants' motion

The Court reviewed the parties' submissions and decides the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motions are **GRANTED in part** and **DENIED in part**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court set forth the factual background of this matter in its initial motion to dismiss opinion, D.E. 39, which the Court incorporates by reference here. Accordingly, the Court writes primarily for the parties. Additional relevant facts are discussed in the Analysis section below.

Plaintiffs are licensed chiropractors who are not participating providers with the Aetna and/or Cigna Defendants.[2] SAC, Summ. of Plfs' Allegations ¶¶ 1-4.[3] Plaintiffs allege that the Cigna and Aetna Defendants hired the Vendor Defendants[4] to reprice insurance reimbursements made to Plaintiffs. Plaintiffs further allege that because of the repricing, they have been underpaid

---

(D.E. 76) will be referred to as "Plfs' Vendor Opp.". The Cigna Defendants' reply brief (D.E. 85) will be referred to as "Cigna Reply" and the Vendor Defendants' reply brief (D.E. 86) will be referred to as "Vendor Reply". The Aetna Defendants filed a reply brief (D.E. 74) even though Plaintiffs did not initially file a brief in opposition to the Aetna Defendants' motion. Plaintiffs then filed an untimely opposition (D.E. 87) and the Aetna Defendants filed a second reply that incorporates arguments from their initial reply brief and adds additional arguments (D.E. 88). Although procedurally improper, the Court will consider all the briefs filed in this matter to ensure that the Court has a full record. Plaintiffs' opposition to the Aetna Defendants' motion will be referred to as "Plfs' Aetna Opp.", the Aetna Defendants' initial reply will be referred to as "Aetna Reply," and the Aetna Defendants' second reply will be referred to as "Aetna Supp. Reply".

[2] The factual background is taken from Plaintiffs' Second Amended Complaint ("SAC"). D.E. 65. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in a complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] The SAC does not have consecutively numbered paragraphs. As a result, citations to the SAC reference both a subheading and the paragraph within that subheading, although the paragraphs within the subheadings are not consecutively numbered.

[4] The Vendor Defendants contend that Data ISight is a "patented proprietary service" that is owned by MultiPlan and is not a separate legal entity. Vendor Br. at 5 n.1. Plaintiffs plead that Data ISight is a corporation. SAC, Summ. of Plfs' Allegations, ¶ 5. Because the Court must accept Plaintiffs' allegations as true, the Court treats the Vendor Defendants as separate entities.

2

by the Cigna and Aetna Defendants, in contravention of patients' plan documents. *Id.*, Repricing Issue ¶¶ 14, 1-3. Plaintiffs maintain that the repricing, and delays in reviewing appeals to pricing, violates state and federal law. *Id.* ¶ 2-4.

Plaintiffs filed suit on December 27, 2019, and sought a declaratory judgment stating that Defendants' repricing scheme violates the Employee Retirement Income Security Act of 1974 ("ERISA") and Defendants' fiduciary duties pursuant to ERISA. Compl. ¶ 11, Claims ¶¶ 1-14, D.E. 1. Defendants filed motions to dismiss, arguing that Plaintiffs lacked standing and failed to state a claim upon which relief could be granted. D.E. 18, 21, 22. On August 24, 2020, the Court granted in part and denied in part Defendants' motions to dismiss. The Court, however, provided Plaintiffs with leave to file an amended complaint. D.E. 39, 40. Plaintiffs filed the First Amended Complaint ("FAC") on September 21, 2020, and Defendants subsequently filed motions to dismiss the FAC. D.E. 45, 46, 47. On June 9, 2021, the Court granted in part and denied in part Defendants' motions to dismiss the FAC. The Court dismissed the Association of New Jersey Chiropractors, Inc. ("ANJC") and Loewrigkeit as Plaintiffs in this matter for lack of standing, as well as Scordilis' claims against the Aetna Defendants. MTD FAC Opinion at 6-7, D.E. 56.[5] The Court also dismissed the claims against the Vendor Defendants, *id.* at 7-8, and the claims that were premised on an alleged violation of Section 503 of ERISA. *Id.* at 9-11. The Court granted Plaintiffs leave to file another amended complaint to remedy the identified deficiencies. *Id.* at 11.

Plaintiffs filed the SAC on July 1, 2021. D.E. 65. The ANJC is no longer a named Plaintiff.[6] The SAC also adds two new chiropractic provider Plaintiffs, Navesink and Stivers, and

---

[5] The Court issued a corrected Order on July 20, 2021. D.E. 67.

[6] Plaintiffs still reference the ANJC throughout the SAC and in their opposition briefs. But because Plaintiffs do not include the ANJC as a named Plaintiff in the SAC and specifically state that they dismissed the ANJC as a Plaintiff in their opposition briefs, *see* Aetna Opp. at 2, the Court does

3

includes new factual allegations, which the Court discusses below. Defendants subsequently filed the instant motions to dismiss, seeking to dismiss the SAC for lack of standing and failure to state a claim.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

---

not treat the ANJC as a party in this matter. As a result, the Court will not address any argument regarding the ANJC.

### III. ANALYSIS

#### 1. Standing[7]

The Aetna and Vendor Defendants contend that Plaintiffs lack standing to assert claims against them because the allegations as to their Assignment of Benefits ("AOB") are conclusory. Aetna Br. at 4-6; Vendor Br. at 8-9. The Cigna Defendants similarly argue that Loewrigkeit, Stivers and Navesink lack standing because the SAC does not sufficiently allege that these Plaintiffs had AOBs from a patient with a Cigna plan. Cigna Br. at 8. Generally, only a participant or beneficiary under a plan has standing to bring an ERISA claim. 29 U.S.C. § 1132(a)(1). Plaintiffs are healthcare providers, not plan participants or beneficiaries. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). A healthcare provider nevertheless may have standing to assert an ERISA claim if there is a valid AOB. *See Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018) (citing *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015)).

In the FAC, Plaintiffs pled that Scordilis and Loewrigkeit "accept[] assignment of benefits from their patients that are Cigna and/or Aetna subscribers," FAC, Summ. of Plfs' Allegations, ¶¶ 2-3, then provided specific allegations that only pertained to Scordilis's patients with Cigna plans and other providers, *see, e.g.*, *id.*, Repricing Issue, ¶¶ 6-9, 28-30. The Court concluded that these

---

[7] While motions for lack of standing are typically governed by Federal Rule of Civil Procedure 12(b)(1), when the "statutory limitations to sue are non-jurisdictional, such as when a party claims derivative standing to sue under ERISA § 502(a), a motion challenging such standing is 'properly filed under Rule 12(b)(6).'" *Enlightened Sols., LLC v. United Behavioral Health*, No. 18-6672, 2018 WL 6381883, at *2 (D.N.J. Dec. 6, 2018) (quoting *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.* 801 F.3d 369, 371 n.3 (3d Cir. 2015)).

allegations were insufficient to establish standing as to Scordilis with respect to the Aetna Defendants, and as to Loewrigkeit as to all Defendants. MTD FAC Opinion at 6-7.

In the SAC, Plaintiffs still plead that they "accept[] assignment of benefits from their patients that are Cigna and/or Aetna subscribers." SAC, Summ. of Plfs' Allegations, ¶¶ 1-4. Plaintiffs now add that they obtain written AOBs from Aetna and Cigna patients before providing care, and that they *have* AOB forms from their Aetna and Cigna patients. *Id.*, Overview, ¶ 13 (emphasis added). The allegation that AOBs exist is new. Through this addition, Plaintiffs sufficiently allege that there are valid AOBs for patients with Aetna or Cigna plans. This is sufficient to convey Plaintiffs with standing to assert their claims. The Aetna and Cigna Defendants, however, argue that Plaintiffs lack standing because they do not allege the terms of any specific AOB. *See, e.g.*, Cigna Br. at 8. But as discussed in the first motion to dismiss opinion, because Plaintiffs seek to generally change billing practices through their claims, "Defendants do not need specific patient names to defend against these claims." MTD Opinion at 7, D.E. 39.

Finally, the Cigna Defendants contend that Plaintiffs rely on the wrong plan for S.G., an individual patient that is discussed the SAC, and that the correct plan contains an anti-assignment clause. As a result, the Cigna Defendants maintain that the claims that Scordilis (who treated S.G.) asserts as to them must be dismissed. Cigna Br. at 12-15. Plaintiffs counter that whether a plan contains an anti-assignment clause is not properly addressed through a Rule 12(b)(6) motion to dismiss because it relies on evidence outside of the pleadings. Plfs' Cigna Opp. at 12. In deciding a Rule 12(b)(6) motion to dismiss, a court ordinarily considers only the factual allegations in the pleading, exhibits attached to the complaint, and matters of public record. A court may also rely on "a document *integral to or explicitly relied* upon in the complaint." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis in original) (citation omitted). A document

6

is integral if a "claim would not exist but-for the existence of the document." *Dix v. Total Petrochems. USA, Inc.*, No. 10-3196, 2011 WL 2474215, at *1 (D.N.J. June 20, 2011). Here, Plaintiffs specifically address S.G.'s 2014 plan, and quote directly from the plan. SAC, Repricing Issue, ¶¶ 5-8. Accordingly, because S.G.'s 2014 plan is explicitly relied upon in the SAC, the Court may consider the document itself. But the Cigna Defendants ask the Court to rely on a different document as the basis for dismissal, a 2019 plan document. Cigna Br. at 12-15. Although the Cigna Defendants argue that the 2019 plan document actually governs S.G.'s claims, this is not pled in the SAC. Moreover, the 2019 plan document is not explicitly relied upon or integral to Plaintiffs' claims. As a result, the Court will not consider the 2019 plan document at this time.[8] The Cigna Defendants' motion is denied on these grounds.

In sum, Plaintiffs have standing to assert claims against Defendants in this matter. The Court, therefore, turns to Defendants' arguments for dismissal pursuant to Rule 12(b)(6).

### 2. Vendor Defendants as a Fiduciary

This Court previously dismissed Plaintiffs' claims against the Vendor Defendants because Plaintiffs failed to plausibly assert that the Vendor Defendants had discretionary authority to make decisions as to coverage. Accordingly, the Court determined that Plaintiffs failed to plead that the Vendor Defendants were fiduciaries. MTD FAC Opinion at 8. The Vendor Defendants, again, seek to dismiss the SAC because Plaintiffs fail to allege that they had discretionary authority. Vendor Br. at 9-13.

---

[8] "Anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable," provided that the clause is unambiguous. *Am. Orthopedic & Sports Med.*, 890 F.3d at 453 (citing *N. Jersey Brain & Spine Ctr.*, 801 F.3d at 372). But even if the Court were to consider the 2019 Plan document, this is the only plan identified by Cigna that purportedly contains an anti-assignment clause. The Court will not dismiss the claims that Scordilis asserts against the Cigna Defendants based on a single plan document. *See* MTD Opinion at 7 n.5.

7

Section 502(a) only permits suits against the plan as an entity and as to fiduciaries of the plan. Plaintiffs do not contend that the Vendor Defendants are the plan. Accordingly, the Court focuses on whether the Vendor Defendants are fiduciaries. Under ERISA, a fiduciary is any person who

> (i) [] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) [] renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) [] has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). ERISA defines a fiduciary "in functional terms of control and authority over the plan," or in other words, in terms of who performs particular functions. *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 413 (3d Cir. 2013). Further, "[t]he definition of a fiduciary under ERISA is to be broadly construed." *Id.*

As to the FAC, the Court concluded that Plaintiffs had failed to plausibly assert that the Vendor Defendants had discretionary authority to make decisions as to coverage. Instead, Plaintiffs' allegations suggested that the Vendor Defendants had a ministerial role. MTD FAC Opinion at 8. In the SAC, Plaintiffs plead that the Aetna and Cigna Defendants gave the Vendor Defendants "discretionary authority to reduce, reprice, delay, deny and otherwise issue adverse benefit determinations" and add more of these conclusory statements throughout the SAC. *See, e.g.*, SAC, Summary, ¶ 5; Count One, ¶ 2. But repetitive conclusory statements do not constitute sufficiently specific allegations, which are substantively unchanged from the FAC. Plaintiffs' specific allegations still demonstrate that the Aetna and Cigna Defendants were making the discretionary decisions as to pricing, not the Vendor Defendants. *See, e.g.*, SAC, Repricing Issue, ¶ 7 ("Cigna, through its vendor Data ISight, imposed an additional $87.57 reduction."); *id.* ¶ 11

8

("Cigna determined an allowed amount pursuant to the SPD plan terms above and sent the claim with the allowed amount to Data ISight who then repriced the reimbursement below the amount required to be paid."). Consequently, Plaintiffs still fail to adequately allege that the Vendor Defendants performed any discretionary role; Plaintiffs' fiduciary allegations fall short.

The Vendor Defendants' motion is granted.

### 3. Counts One and Two

In Count One, Plaintiffs allege that Defendants failed to provide a full and fair review of the denied claims, as required by Sections 502 of ERISA, 29 U.S.C. § 1132. SAC, Count One, ¶¶ 1-8. In Count Two, Plaintiffs allege that they are entitled to declaratory relief due to Defendants' breach of their fiduciary duties pursuant to Section 502(a)(3). *Id.*, Count Two, ¶ 14. The Aetna Defendants seek to dismiss Counts One and Two because Plaintiffs fail to identify any plan language establishing that the Aetna Defendants violated any plan terms. Aetna Br. at 8-9.

Section 502(a)(1)(B) provides a plaintiff with the right "to recover benefits due to him under the terms of his plan, [and] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Laufenberg v. Ne. Carpenters Pension Fund*, No. 17-1200, 2019 WL 6975090, at *10 (D.N.J. Dec. 18, 2019) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987)). "A plaintiff seeking to recover under [Section 502(a)(1)(B)] must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." MTD Opinion at 9 (quoting *K.S. v. Thales USA, Inc.*, No. 17-07489, 2019 WL 1895064, at *4 (D.N.J. Apr. 29, 2019)). Although Plaintiffs plead that they were unpaid or underpaid by the Aetna Defendants, Plaintiffs fail to identify a specific plan, let alone plan language, that entitles

9

them to their claimed payments. Plaintiffs simply provide patient initials with no reference to any plan terms. SAC, Repricing Issue, ¶¶ 22-24. These allegations are insufficient to state a Section 502(a)(1)(B) claim as to the Aetna Defendants.

Section 502(a)(3) is considered a "catchall" provision that provides equitable relief. Among other things, Section 502(a)(3) may provide relief for a "breach of the statutorily created fiduciary duty of an administrator." *Laufenberg*, 2019 WL 6975090, at *10 (quoting *Hocheiser v. Liberty Mut. Ins. Co.*, No. 17-6096, 2018 WL 1446409, at *5 (D.N.J. Mar. 23, 2018)). Plaintiffs allege that the Aetna Defendants breached their fiduciary duties by repricing claims below rates required by the plans. SAC, Count Two, ¶¶ 13. But without identifying what the plans required, the SAC fails to plausibly indicate what Plaintiffs were in fact underpaid or whether this conduct amounts to a breach of any fiduciary duty. As a result, Plaintiffs fail to sufficiently state a claim pursuant to Section 502(a)(3) as to the Aetna Defendants. The Aetna Defendants' motion is granted, and the SAC is dismissed as to the Aetna Defendants.

The Cigna Defendants also argue that Counts One and Two should be dismissed as to Loewrigkeit, Stivers, and Navesink because Plaintiffs fail to specifically identify plan language. Cigna Br. at 9-10. The Court agrees. Plaintiffs only identify plan language that pertains to Scordilis. *See, e.g.*, SAC, Repricing Issue, ¶¶ 5-6. Therefore, for the reasons explained above, Counts One and Two are dismissed as to the claims that Loewrigkeit, Stivers and Navesink assert against the Cigna Defendants.

### IV.     CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this 5th day of January, 2022,

**ORDERED** that Defendants' motions to dismiss (D.E. 70, 71, 73) are **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the Aetna (D.E. 70) and Vendor Defendants' (D.E. 73) motions are **GRANTED** with respect to their arguments to dismiss the complaint for failure to state a claim. Accordingly, the SAC is dismissed as to the Aetna and Vendor Defendants; and it is further

**ORDERED** that the Cigna Defendants' motion (D.E. 71) is **GRANTED** with respect to their argument that Plaintiffs Loewrigkeit, Stivers and Navesink fail to state claims as to them. Thus, the claims asserted by these Plaintiffs are also dismissed as to the Cigna Defendants; and it is further

**ORDERED** that the dismissed claims are dismissed without prejudice and Plaintiffs are provided with thirty (30) days to file an amended complaint[9] that cures the deficiencies noted herein; and it is further

**ORDERED** that Defendants' motions are otherwise **DENIED**.

John Michael Vazquez, U.S.D.J.

---

[9] Given that the Court has on two prior occasions addressed in detail the deficiencies in Plaintiffs' pleadings, the Court will only grant Plaintiffs one more opportunity to file an amended complaint.