**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY CHIROPRACTORS, INC., et al., <br><br>*Plaintiffs*, <br><br>v. <br><br>DATA ISIGHT, INC., et al., <br><br>*Defendants*. | Civil Action No. 19-21973 <br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Through this matter, Plaintiffs are attempting to stop Defendants' allegedly improper practice of underbilling Plaintiffs for chiropractic services they provided to patients. Presently before the Court are, among other things, motions to dismiss the Third Amended Complaint (the "TAC") filed by the following Defendants: (1) Connecticut General Life Insurance Company, and Cigna Health and Life Insurance Company (together, the "Cigna Defendants"), D.E. 104; (2) Aetna Health, Inc. and Aetna Health Insurance Co. (together, the "Aetna Defendants"), D.E. 105; and (3) Data iSight, Inc. and Multiplan, Inc. (together, the "Vendor Defendants"), D.E. 106. Plaintiffs--Scordilis Chiropractic, PA ("Scordilis"); Eric Loewrigkeit, DC ("Loewrigkeit"), Navesink Chiropractic Center ("Navesink"), and Edward Stivers, DC ("Stivers")--collectively filed a brief in opposition to the motions (D.E. 107), to which Defendants replied (D.E. 114, 115, 116).[1] The Court reviewed the parties' submissions and decides the motions without oral argument

---

[1] For purposes of this Opinion, the Court refers to the Cigna Defendants' brief in support of their motion (D.E. 104-1) as "Cigna Br."; the Aetna Defendants' brief in support of their motion (D.E.

pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motions are **GRANTED in part** and **DENIED in part**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Court set forth the factual background of this matter in its prior Opinion (the "Prior Opinion"), D.E. 39, which the Court incorporates by reference here. The Court briefly recounts relevant facts here, and additional facts are discussed in the Analysis section below.[2]

Plaintiffs are licensed chiropractors who are not participating providers with the Aetna and/or Cigna Defendants. TAC, Summ. ¶¶ 1-4.[3] Plaintiffs allege that the Cigna and Aetna Defendants delegated authority to the Vendor Defendants[4] to reprice insurance reimbursements made to Plaintiffs. Plaintiffs continue that the Vendor Defendants made unilateral decisions on the repricing of claims and underpaid Plaintiffs. Plaintiffs further allege that the underpayments are in contravention of patients' plan documents. *Id.*, Repricing Issue ¶¶ 10-14. Finally, Plaintiffs allege that when they appealed or disputed the payments, the Vendor Defendants delayed payment. Plaintiffs maintain that the repricing and delays violates state and federal law. *Id.* ¶ 12-14.

---

105-1) as "Aetna Br."; and the Vendor Defendants' brief in support of their motion (D.E. 106-1) as "Vendor Br.". The Court refers to Plaintiffs' opposition (D.E. 107) as "Plfs. Opp."; the Cigna Defendants' reply brief (D.E. 115) as "Cigna Reply"; the Aetna Defendants' reply brief (D.E. 116) as "Aetna Reply"; and the Vendor Defendants' reply brief (D.E. 114) as "Vendor Reply".

[2] The factual background is taken from the Third Amended Complaint ("TAC"). D.E. 96. When reviewing a Rule 12(b)(6) motion to dismiss, a court accepts as true all well-pleaded facts in a complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] The TAC does not have consecutively numbered paragraphs. As a result, citations to the TAC reference both a subheading and the paragraph within that subheading, although the paragraphs within the subheadings are not consecutively numbered.

[4] The Vendor Defendants contend that Data iSight is a "patented proprietary service" that is owned by MultiPlan, not a separate legal entity. Vendor Br. at 1 n.1. Plaintiffs plead that Data iSight is a corporation. TAC, Summ. ¶ 5. Because the Court must accept Plaintiffs' allegations as true, the Court treats the Vendor Defendants as separate entities.

The initial Plaintiffs in this matter, the Association of New Jersey Chiropractors ("ANJC"), Peter Scordilis, and Eric Loewrigkeit sought a declaratory judgment stating that Defendants' repricing scheme violates the Employee Retirement Income Security Act of 1974 ("ERISA") and Defendants' fiduciary duties pursuant to ERISA. Compl. ¶ 11, Claims ¶¶ 1-14, D.E. 1. Defendants filed motions to dismiss, arguing that Plaintiffs lacked standing and failed to state a claim upon which relief could be granted. D.E. 18, 21, 22. On August 24, 2020, the Court granted in part and denied in part Defendants' motions to dismiss. The Court, however, provided Plaintiffs with leave to file an amended complaint. D.E. 39, 40. Plaintiffs filed the First Amended Complaint ("FAC"), D.E. 41, and Defendants subsequently filed motions to dismiss the FAC. D.E. 45, 46, 47. On June 9, 2021, the Court granted in part and denied in part Defendants' motions to dismiss the FAC. The Court dismissed the ANJC and Loewrigkeit as Plaintiffs for lack of standing, as well as Scordilis' claims against the Aetna Defendants. FAC Opinion at 6-7, D.E. 56. The Court also dismissed the claims against the Vendor Defendants, *id.* at 7-8, and the claims premised on an alleged violation of Section 503 of ERISA. *Id.* at 9-11. The Court granted Plaintiffs leave to file another amended complaint to remedy the identified deficiencies. *Id.* at 11.

Scordilis, Loewrigkeit, and two new chiropractic provider Plaintiffs, Plaintiffs Navesink and Stivers, filed the SAC on July 1, 2021, including new factual allegations. D.E. 65. Defendants moved to dismiss the SAC for lack of standing and failure to state a claim. D.E. 70, 71, 73. The Court granted in part and denied in part Defendants' motions to dismiss. The Court concluded that Plaintiffs have standing to assert their claims, but they failed to state a claim against the Aetna and Vendor Defendants. In addition, Plaintiffs Loewrigkeit, Stivers, and Navesink failed to state a claim as to the Cigna Defendants. D.E. 89. Consequently, only Plaintiff Scordilis' claim against the Cigna Defendants survived. The Court, however, provided Plaintiffs leave to file an amended

3

pleading. *Id.* Plaintiffs then filed the TAC and Defendants subsequently filed the instant motions pursuant to Federal Rule of Civil Procedure 12(b)(6), D.E. 105-06.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

## III. ANALYSIS

### A. The Vendor Defendants as Fiduciaries

The Vendor Defendants argue that the TAC must be dismissed as to them because they are not proper defendants. Vendor Br. at 12-17. Relatedly, the Vendor Defendants contend that Count Two must be dismissed because they are not fiduciaries. *Id.* at 19.

Before addressing the motion to dismiss, the Vendor Defendants first contend that the Court should strike paragraphs 4 through 35 of Count Two because Plaintiffs copied these

paragraphs from a complaint in an unrelated matter, without independently verifying the accuracy of the allegations. *Id.* at 8-12. The allegations discuss a software program that the Vendor Defendants allegedly use to recalculate claims payment rates. *See* TAC, Count Two ¶¶ 4-35. Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "As a general matter, motions to strike under Rule 12(f) are highly disfavored." *Thompson v. Real Est. Mortg. Network, Inc.*, No. 11-1494, 2018 WL 4604310, at *2 (D.N.J. Sept. 24, 2018) (citing *F.T.C v. Hope Now Modifications*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011)). Moreover, the decision to strike material from a pleading is discretionary. *Hope Now Modifications, LLC*, 2011 WL 883202, at *1.

In addition, Federal Rule of Civil Procedure 11 imposes on any party who presents "a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 551 (1991). "[R]easonableness [under the circumstances is] defined as an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 289 (3d Cir. 1991) (citations and internal quotations omitted). Thus, attorneys are required to conduct a "normally competent level of legal research to support the[ir] presentation." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). "Rule 11 is intended to impose sanctions 'only in the exceptional circumstance, where a claim or motion is patently unmeritorious or frivolous.'" *Ballard v. AT&T Mobility, Inc.*, No. 15-8808, 2018 WL 3377713, at *4 (D.N.J. July 11, 2018) (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). As a result, courts strike allegations due to an attorney's failure to personally conduct a factual investigation before

5

filing a complaint when claims are entirely taken from another matter.  *See, e.g.*, *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008) (striking allegations because an "SEC complaint appear[ed] to be *the only basis* for the allegations against" two defendants).

Plaintiffs do not deny copying allegations from another complaint.  Plaintiffs explain that the plaintiffs in the other matter "had the benefit of many more facts about the inside operations of the Vendor Defendants," such that Plaintiffs "have the right to rely upon [the copied allegations] in their complaint and seek discovery on these issues as the matter moves forward."  Plfs. Opp. at 11.  Plaintiffs, however, took no steps to independently verify the accuracy of the allegations before including them in the TAC.  Plaintiffs, therefore, failed to comply with the clear duty imposed by Rule 11(b).  The Court does not impose sanctions because Plaintiffs did not follow the appropriate steps to seek sanctions under Rule 11.  *See* Fed. R. Civ. P. 11(c)(2) (explaining that a motion for sanctions must be made separately and that the party seeking sanctions must comply with the safe harbor).  However, the copied allegations explain how the Vendor Defendants allegedly repriced Plaintiffs' claims for services; they do not form the basis of Plaintiffs' claims.  As a result, the Court strikes the paragraphs at issue from the TAC pursuant to Rule 12(f).

Turning to the substance of Plaintiffs' allegations against the Vendor Defendants, Section 502(a) only permits suits against the plan as an entity and as to fiduciaries of the plan.  Under ERISA, a fiduciary is any person who

> (i) [] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) [] renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) [] has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). ERISA defines a fiduciary "in functional terms of control and authority over the plan," or in other words, in terms of who performs particular functions. *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 413 (3d Cir. 2013). Further, "[t]he definition of a fiduciary under ERISA is to be broadly construed." *Id.* As a result, courts frequently conclude that "the determination of whether a person is a fiduciary is fact-based, and cannot be determined in a motion to dismiss." *Drzala v. Horizon Blue Cross Blue Shield*, No. 15-8392, 2016 WL 2932545, at *5 (D.N.J. May 18, 2016).

In granting the Vendor Defendants' motion to dismiss the SAC, this Court explained that

> Plaintiffs plead that the Aetna and Cigna Defendants gave the Vendor Defendants "discretionary authority to reduce, reprice, delay, deny and otherwise issue adverse benefit determinations" and add more of these conclusory statements throughout the SAC. *See, e.g.*, SAC, Summary, ¶ 5; Count One, ¶ 2. But repetitive conclusory statements do not constitute sufficiently specific allegations, which are substantively unchanged from the FAC. Plaintiffs' specific allegations still demonstrate that the Aetna and Cigna Defendants were making the discretionary decisions as to pricing, not the Vendor Defendants. *See, e.g.*, SAC, Repricing Issue, ¶ 7 ("Cigna, through its vendor Data iSight, imposed an additional $87.57 reduction."); *id.* ¶ 11 ("Cigna determined an allowed amount pursuant to the SPD plan terms above and sent the claim with the allowed amount to Data iSight who then repriced the reimbursement below the amount required to be paid."). Consequently, Plaintiffs still fail to adequately allege that the Vendor Defendants performed any discretionary role; Plaintiffs' fiduciary allegations fall short.

SAC Opinion at 8-9. In the TAC, Plaintiffs allege that the Aetna and Cigna Defendants delegated authority to the Vendor Defendants "to make unilateral determinations to reduce and/or reprice out of network chiropractic claims" and that the Vendor Defendants exercised this authority. TAC, Summ. ¶ 5; *see also* Count Two ¶ 1. Plaintiffs further allege that the Vendor Defendants had "direct control over administration and management of the ERISA Plans." *Id.*, Repricing Issue ¶ 10. Finally, Plaintiffs allege that the Vendor Defendants imposed a reduction in payment for

specific patient payments. *See, e.g., id.* ¶¶ 18, 31-32, 39. These allegations did not appear in the SAC and are sufficient to plausibly plead that the Vendor Defendants are fiduciaries and allegedly violated their fiduciary duties. The Vendor Defendants' motion is denied on these grounds.[5]

### B. The Aetna and Cigna Defendants

In Count One, Plaintiffs allege that Defendants failed to provide a full and fair review of the denied claims, as required by Section 502 of ERISA, 29 U.S.C. § 1132. TAC, Count One ¶¶ 1-8. Section 502(a)(1)(B) provides a plaintiff with the right "to recover benefits due to him under the terms of his plan, [and] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Laufenberg v. Ne. Carpenters Pension Fund*, No. 17-1200, 2019 WL 6975090, at *10 (D.N.J. Dec. 18, 2019) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987)). "A plaintiff seeking to recover under [Section 502(a)(1)(B)] must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *K.S. v. Thales USA, Inc.*, No. 17-07489, 2019 WL 1895064, at *4 (D.N.J. Apr. 29, 2019).

In the SAC, Plaintiffs provided the initials of patients that Defendants allegedly denied payment to or paid less than the submitted claim amount. *See* SAC, Repricing Issue ¶¶ 22-24. Plaintiffs, however, did not explicitly reference any specific plan much less specific language within a plan. As a result, the Court determined that Plaintiffs' allegations were insufficient to state a claim under Section 502. SAC Opinion at 9-10.

---

[5] The Court makes this finding even though it is striking paragraphs 4-35 of Count Two. Plaintiffs otherwise sufficiently plead in the TAC that the Aetna and Cigna Defendants delegated this authority to the Vendor Defendants and the Vendor Defendants exercised this authority.

The Aetna Defendants again seek to dismiss Counts One and Two of the TAC on the same grounds.  Specifically, the Aetna Defendants argue that the TAC must be dismissed as to Scordilis and Loewrigkeit because Plaintiffs fail to allege that either Plaintiff treated patients with an Aetna plan.  As for Navesink and Stivers, the Aetna Defendants maintain that although Plaintiffs name a plan, they fail to identify any plan language that the Aetna Defendants violated.  Aetna Br. at 4-7.  In the TAC, Plaintiffs provide a list of twelve plans.  Two plans on this list are Aetna plans, and Plaintiffs Navesink and Stivers allegedly treated patients with these plans.  TAC, Repricing Issue ¶ 15.  Scordilis and Loewrigkeit, however, seem to have only treated patients with a Cigna plan.  Plaintiffs, therefore, fail to plead that the Aetna Defendants (presumably through the Vendor Defendants) improperly paid Scordilis or Loewrigkeit.

As for Plaintiffs Navesink and Stivers, while Plaintiffs allege that the Aetna and/or Vendor Defendants underbilled Plaintiffs Navesink and Stivers for treating these patients, Plaintiffs still fail to identify any plan language that entitles Plaintiffs to the entirety of the submitted amounts.  As previously explained, Plaintiffs must identify the plan provision that any Defendant violated to plausibly plead a claim under Section 502(a)(1)(B).  *See* MTD Opinion at 9-10, SAC Opinion at 9-10; *see also P.M. ex rel. N.J. Spine & Orthopedics, LLC v. Bae Sys., Inc.*, No. 19-10735, 2020 WL 7640883, at *2 (D.N.J. Dec. 23, 2020) ("Courts in this district routinely grant motions to dismiss when a plaintiff fails to tie its allegation to a specific provision in the defendant's [p]lan.").  Because Plaintiffs still fail to identify relevant plan language, Plaintiffs also fail to state a claim in Count One with respect to Plaintiffs Navesink and Stivers.  Count One, therefore, is dismissed as to the Aetna Defendants.

In Count Two, Plaintiffs allege that Defendants breached their fiduciary duties by improperly repricing out-of-network benefits in violation of plan documents.  SAC, Count Two ¶

38. Section 502(a)(3) is considered a "catchall" provision that provides equitable relief. Among other things, Section 502(a)(3) may provide relief for a "breach of the statutorily created fiduciary duty of an administrator." *Laufenberg*, 2019 WL 6975090, at *10 (quoting *Hocheiser v. Liberty Mut. Ins. Co.*, No. 17-6096, 2018 WL 1446409, at *5 (D.N.J. Mar. 23, 2018)). Plaintiffs allege that the Aetna Defendants breached their fiduciary duties by repricing claims below rates required by the plans. TAC, Count Two ¶¶ 37. But without identifying the relevant plan language, the TAC fails to plausibly indicate that Plaintiffs were in fact underpaid or whether this conduct amounts to a breach of any fiduciary duty. As a result, Plaintiffs fail to sufficiently state a claim pursuant to Section 502(a)(3) as to the Aetna Defendants. In sum, the Aetna Defendants' motion is granted, and the TAC is dismissed as to the Aetna Defendants.

The Cigna Defendants also argue that Counts One and Two should be dismissed as to the claims Loewrigkeit, Stivers, and Navesink assert against them because Plaintiffs fail to identify plan language.[6] Cigna Br. at 8-9. The Court agrees. Once again, Plaintiffs only identify plan language that pertains to Scordilis' patients. *See, e.g.*, TAC, Repricing Issue ¶ 15 (listing the plans at issue); ¶ 21 (referencing specific plan language). Therefore, for the same reasons explained above, Counts One and Two are dismissed as to the claims that Loewrigkeit, Stivers, and Navesink assert against the Cigna Defendants.

When granting a motion to dismiss, a court must decide whether to dismiss with or without prejudice, the latter of which provides a plaintiff with opportunity to amend. Dismissal with prejudice is appropriate if an amendment would be inequitable or futile. *See Alston v. Parker*, 363

---

[6] The Cigna Defendants do not seek to dismiss the Section 502 claims that Scordilis asserts against them. *See* Cigna Br. at 10 n.6. And while not entirely clear, Plaintiffs seem to concede that at least with respect to the Cigna Defendants, they only intend to pursue claims related to Scordilis. *See* Plfs. Opp. at 13 ("Plaintiffs do not contest that specific plan information is not available as to Stivers, Navesink and Loewrigkeit against CIGNA.").

F.3d 229, 235-36 (3d Cir. 2004). In the SAC Opinion, this Court stated that it was providing Plaintiffs with a final opportunity to amend. SAC Opinion at 11 n.9. Further, on numerous occasions, this Court explained what Plaintiffs must include to plead cognizable claims. As discussed, Plaintiffs repeatedly fail to fix the shortcomings despite clear guidance, including with the TAC. As a result, the Court determines that Plaintiffs have not remedied their prior deficiencies because they are unable to do so. Consequently, the claims dismissed herein are dismissed with prejudice, as this Court determines that any further amendment would be futile.

### C. The Scordilis Claim

Because the TAC survives to the extent that Plaintiff Scordilis brings claims against the Cigna and Vendor Defendants, the Court address the Vendor and Cigna Defendants remaining arguments. The Cigna Defendants argue that to the extent Count One is premised on Section 503, it should be dismissed. Cigna Br. at 10-11. Plaintiffs do not address this argument. As previously explained,

> There is no private right of action for monetary relief [] under Section 503. Rather, "the remedy for a violation of § 503 is to remand to the plan administrator so the claimant gets the benefit of a full and fair review." *Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000).

FAC Opinion at 9-10. Plaintiffs seek declaratory and injunctive relief but do not ask for any claim to be remanded for full review. Accordingly, because Plaintiffs fail to seek the only relief that is permissible under Section 503, Count One is dismissed to the extent it is premised on a violation of Section 503.

Relatedly, the Vendor Defendants maintain that Count One must be dismissed because Plaintiffs fail to establish that they are entitled to the remedy of full and fair review. Vendor Br. at 17-18. As discussed, Plaintiff Scordilis states a claim pursuant to Section 502(a). Relief under

11

Section 502(a) is not limited to a full and fair review. *See* 29 U.S.C. 1132(a)(1)(B) (explaining that a plaintiff may seek to recover benefits due under the plan, to enforce rights under the plan, or to clarify right to future benefits); *see also* Laufenberg, 2019 WL 6975090, at *10 (explaining potential relief under Section 502(a) including accrued benefits, declaratory or injunctive relief). Because Plaintiffs seek relief other than full and fair review, the Vendor Defendants' motion is denied on these grounds.

Finally, the Vendor Defendants argue that Court Two must be dismissed because it is duplicative of Count One. Vendor Br. at 19-20. Again, Plaintiffs assert a claim under Section 502(a)(3) in Count Two based on the same alleged wrongful conduct in Count One. TAC, Count Two ¶ 38. Although some courts dismiss Section 502(a)(3) claims that are duplicative of a Section 502(a)(1)(B) claim at the motion to dismiss stage, the Court will not do so at this time. *See Shah v. Aetna*, No. 17-195, 2017 WL 2918943, at *2 (D.N.J. July 6, 2017) (concluding that dismissing Section 502(a)(3) claims as duplicative "is not appropriate at this early procedural stage"). Thus, the Vendor Defendants' motion is denied on these grounds.

## IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (D.E. 104, 105, 106) are **GRANTED in part** and **DENIED in part**. An appropriate Order accompanies this Opinion.

Dated: September 27, 2022

_____<br>
John Michael Vazquez, U.S.D.J.